James A. SOWERS, Petitioner-Appellant,

v.

STATE BOARD OF EQUALIZATION OF the STATE OF CALIFORNIA, Respondent-Appellee.

No. 76-1843.

United States Court of Appeals, Ninth Circuit.

June 8, 1979.

Frank H. Lang, Jr., Esq. of Fullerton, Lang, Richert & Patch, Fresno, Cal., for petitioner-appellant.

Charles C. Kobayashi, Deputy Atty. Gen., Sacramento, Cal., argued and on brief, for respondent-appellee.

* Honorable William H. Orrick, Jr., United States District Judge, for the Northern District of California, sitting by designation.

1. 11 U.S.C. § 11a(2A) reads in pertinent part:

Before TRASK and HUG, Circuit Judges, and ORRICK,* District Judge.

TRASK, Circuit Judge:

We are called upon here to examine the jurisdiction of the bankruptcy court over a state imposed tax fraud penalty.

In 1974, appellant came under investigation by the California State Board of Equalization (the Board) for tax deficiencies. The probe resulted in a deficiency assessment of $12,535.13 which included a penalty of $2,342.02 for "fraud or/and attempt to evade" taxes under Cal.Rev. & Tax Code § 6485.

Thereafter, on November 7, 1974, appellant filed a voluntary petition in bankruptcy under Chapter XI of the Act. In the proceedings in bankruptcy, the judge made a determination of the amount of taxes due and also found that "[t]his court has no jurisdiction to determine the fraud penalty."

The appellant appealed from the order of the bankruptcy judge to the district court solely on the portion of the judgment which held that the bankruptcy court did not have jurisdiction to redetermine the tax evasion penalty in the proceedings. The district court affirmed the bankruptcy court's opinion and order.

The only question remaining for review in this court is one of law, and it is whether the bankruptcy court under section 2a(2A) of the Act (11 U.S.C. § 11a(2A)), has jurisdiction when making a determination of "the amount or legality of any tax," to make a determination of the amount and legality of any penalty imposed in connection with the tax.[1]

It is clear from the language of the statute that the bankruptcy court had jurisdiction under section 2a(2A) to determine the

"(a) The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective terri-

amount and validity of the tax assessment made by the Board. This was an unpaid tax that had not been previously contested.

However, the question of whether the bankruptcy court should or can exercise jurisdiction over the penalties assessed appears to be one of first impression. The statute does not clearly grant jurisdiction to the bankruptcy court over penalties, nor does it specifically foreclose it. The court is thus left with the task of trying to interpret the intent of Congress as to what was to be included in the bankruptcy court's jurisdiction.

Appellant argues that the only reasonable construction of section 2a(2A) is that the bankruptcy court has the power to litigate all questions normally involved in a proceeding to determine tax liability. To support this, he makes two policy arguments.

First, appellant correctly points out that the underlying purpose of the Bankruptcy Act is to rehabilitate the debtor. *See Lines v. Frederick,* 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Therefore, the bankruptcy court should determine the validity of all tax matters, including penalties. This would resolve all the problems pending from the bankruptcy and allows the bankrupt to start over again without the penalties still handing over his head. *Id.*

Second, appellant argues that separating the tax liability determination from the penalties forces multiple litigation. Since multiple litigation increases expenses, the

rehabilitative purpose of the Bankruptcy Act is not well served.

The Board responds with several more compelling policy arguments. The Board's key point is that penalties of all kinds are not allowed to be discharged in bankruptcy under section 57j of the Act (11 U.S.C. § 93j).[2] The rationale for section 57j is sound. Penalties are imposed as punitive measures against the party. Enforcing them against the bankrupt's estate would not punish the bankrupt, but would reduce the funds available to the bankrupt's creditors. Since penalties are not discharged in bankruptcy, the validity of a tax penalty has no effect on the bankruptcy. As a consequence, there is no reason for the bankruptcy court's jurisdiction to extend to penalties.

Appellant argues that at least one court has held that "penalties" are to be included in the definition of "taxes" for purposes of section 17(a)(1)(e) of the Act (11 U.S.C. § 35(a)(1)(e)). *In re O'Ffill,* 368 F.Supp. 345, 349–50 (D.Kan.1973). That case primarily dealt with the question of whether the bankruptcy court had jurisdiction to determine the dischargeability of a tax debt when the United States had not filed a claim with the bankruptcy court. The government argued that a claim had to be filed to waive sovereign immunity. That court determined that the bankruptcy court did have jurisdiction to determine the dischargeability of taxes. *See also Zook v. United States,* 541 F.2d 220 (9th Cir. 1976); *Gwilliam v. United States,* 519 F.2d 407 (9th Cir. 1975).

torial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity . . . to

"(2A) Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction . . . ."

2. 11 U.S.C. § 93j states in pertinent part:

"(j) Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

*In re O'Ffill, supra,* is distinguishable because of the contextual setting of that case and its narrow holding. The exact holding of the court read:

"This court is satisfied and now holds that the bankruptcy court had jurisdiction to determine the penalties assessed against the bankrupts were in fact taxes within the purview of § 17(a)(1)(e) . . ." 368 F.Supp. at 351.

This holding simply states that the bankruptcy court can look at tax debts and determine that certain items designated penalties are actually taxes for the purposes of discharge. In the present case, appellant is asking the court to assess the validity of a penalty, not to determine if certain penalties are actually taxes that are excluded from discharge. Appellant tries to read too much in *In re O'Ffill, supra.*

Though not precisely on point, the case of *John C. Prather,* 50 T.C. 445 (1968), lends support to the position that the bankruptcy court has no jurisdiction over the validity of penalties. In that case, the tax court retained jurisdiction of a civil fraud penalty question. It left to the bankruptcy court a deficiency question. This implies that the tax court believed that the bankruptcy court did not have jurisdiction to adjudicate the validity of the penalty.

We therefore agree with the bankruptcy court's opinion and hold that a bankruptcy court has no jurisdiction to determine the validity and amount of a tax fraud penalty which was in a tax liability assessment.

Judgment AFFIRMED.