GARZA, Circuit Judge:
 

 Petitioner, Mr. Tatum, appeals a decision of the Tax Court dismissing his case for lack of jurisdiction. In an opinion reported at 69 T.C. 81, the Tax Court interpreted the provisions of Section 2a(2A) of the Bankruptcy Act, 11 U.S.C. § ll(a)(2A),
 
 [1]
 
 and Section 17c of the Bankruptcy Act, 11 U.S.C. § 35(c)(1),
 
 [2]
 
 as vesting complete jurisdiction in the Bankruptcy Court concerning additions to tax determined under Sections 6651(a) and 6653(a) of the Internal Revenue Code of 1954 and therefore concluded that they lacked jurisdiction to determine the correctness of these additions.
 
 [3]
 
 The issue before us is whether the Bankruptcy Court, acting pursuant to a Chapter XI petition, has the jurisdictional ability to determine the legality and correctness of additions to tax or tax penalties.
 
 [4]
 

 Mr. Tatum does not argue that the Bankruptcy Court lacks jurisdiction. Instead, he asks this court for guidance through the interface between the tax and bankruptcy court systems and prays that we either af
 
 *194
 
 firm the Tax Court decision and thereby preclude the possibility of the Bankruptcy Court denying him that forum to determine the correctness of §§ 6651(a) and 6653(a) assessments, or reverse the Tax Court’s ruling as to the Bankruptcy Court’s jurisdiction and remand the case to the Tax Court in order that he be given a competent forum to contest the penalties before being deprived of his property.
 
 [5]
 
 In support of affirmance, both Petitioner-Tatum and Respondent-Commissioner argue that the Bankruptcy Court is as well-equipped as any other forum to make the factual determinations required by §§ 6651(a) and 6653(a). Although the Commissioner has not yet presented the additions to tax in his proof of claim to the Bankruptcy Court, he submits that even under these circumstances, under 11 U.S.C. § 35(c)(1), the bankrupt may file an application for determination on the merits of the additions or penalty. On the other hand, Mr. Tatum reads Section 57(j) of the Bankruptcy Act, 11 U.S.C. § 93(j), which provides that “debts owing to the United States or any state or subdivision thereof as a penalty or forfeiture shall not be allowed . . ”, and asks if a bankruptcy court cannot allow a penalty claim, how can it have jurisdiction to discharge the penalty claim?
 

 After reviewing the legislative development of bankruptcy and the law as it existed at the inception of this case, we are convinced that the legislative purpose of the Bankruptcy Act, consideration of judicial economy, and common sense support the position of the Tax Court. Additionally, the text and comments of the Bankruptcy Reform Act of 1978 support our position.
 
 [6]
 

 We are aware of
 
 Sowers v. State Board of Equalization of State of California,
 
 600 F.2d 1254 (9th Cir. 1979), wherein the Ninth Circuit held that bankruptcy courts have no jurisdiction to determine the validity and amount of a tax fraud penalty included in a state tax liability assessment. In
 
 Sowers,
 
 the only case cited by the Ninth Circuit in support of their decision was
 
 Prather v. Commissioner,
 
 50 T.C. 445 (1968). Unfortunately, the vitality of the proposition, for which
 
 Prather
 
 was cited in
 
 Sowers,
 
 has soured. The . Tax Court’s opinion in the present case (filed October 25, 1977 — almost two years prior to the
 
 Sowers
 
 case) expressly overruled
 
 Prather
 
 insofar as it was contrary to their holding in this case. Therefore, finding no substantial case or reason to the contrary of the well-reasoned opinion of the Tax Court below, we hold that the Bankruptcy Court has jurisdiction to adjudicate penalties and additions to tax assessed under §§ 6651(a) and 6653(a) and áccordingly find this case should be AFFIRMED.
 

 [1]
 

 . 11 U.S.C. § 1 l(a)(2A) vests bankruptcy courts with jurisdiction to “hear and determine . any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction . . ”
 

 [2]
 

 . 11 U.S.C. § 35(c)(1) provides: “The bankrupt or any creditor may file an application with the court for the determination of the discharge-ability of any debt.”
 

 (c)(3) provides: “After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, ... or effectuate a determination that any debt is dis-chargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof.”
 

 [3]
 

 . It is undisputed that § 6871(a) of the Internal Revenue Code precludes Tax Court review of the tax deficiencies in this case and that the Bankruptcy Court has exclusive jurisdiction to determine the validity of those deficiencies.
 

 [4]
 

 . For a recent case from this Court dealing with the issue presented in this case as a foregone conclusion, see
 
 Matter of Fox,
 
 609 F.2d 178 (5th Cir. 1980).
 

 [5]
 

 . Mr. Tatum’s financial condition prevents him from paying the taxes and penalties and later litigating in the District Court.
 

 [6]
 

 . Section 505(a)(1) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 505(a)(1), provides: “Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.”
 

 Subsection (2)(A) provides: “The court may not so determine — the amount or legality of a tax, fine, penalty or addition to tax if such amount or legality was contested before . . ”.