RALPH B. GRAHAM, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7670–78.    Filed December 16, 1980.

*Ralph B. Graham, Jr.*, pro se.
*Cynthia J. Olson* and *John B. Franklin*, for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax, as follows:

| Year | Deficiency | Additions to tax[1] | |
| | | Sec. 6651(a) | Sec. 6653(a) |
|---|---|---|---|
| 1972 | $4,851 | $944 | $361 |
| 1973 | 10,489 | 1,573 | 524 |

Since the petitioner has agreed to the correctness of the deficiencies and additions to tax, we are only confronted here with jurisdictional issues. They are:

(1) Whether this Court has jurisdiction to redetermine Federal income tax deficiencies and additions to tax with respect to prebankruptcy years when they were not assessed under section 6871(a), not claimed by respondent in the no-assets bankruptcy proceeding, not contested by the bankrupt in the bankruptcy proceeding, and the notice of deficiency was mailed, and the petition filed in the Tax Court after the bankruptcy proceeding was terminated.

(2) Whether this Court has the requisite subject matter jurisdiction to decide whether the deficiencies and additions to tax in question were discharged in the bankruptcy proceeding.

(3) If we do have jurisdiction to decide the dischargeability question, whether section 17a of the Bankruptcy Act, 11 U.S.C. sec. 35(a) (as distinguished from the new Bankruptcy Code enacted on November 6, 1978, which applies to bankruptcy cases commenced on or after October 1, 1979) operated to exempt the Federal income tax deficiencies and additions to tax for the prebankruptcy years from the effect of petitioner's discharge in bankruptcy.

---

[1] Section references herein are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.

All of the facts have been stipulated and are so found. The pertinent facts are summarized below.

Ralph B. Graham, Jr. (petitioner), was a resident of Las Vegas, Nev., when he filed his petition in this case.

After filing an application for an automatic extension of time and after receiving from the Director, Internal Revenue Service Center, Ogden, Utah, a Form 4903 (Request for Information about Tax Form—Third Notice), the petitioner filed his Federal income tax return for the year 1972 on April 15, 1974. Also, after requesting an automatic extension of time, the petitioner filed his 1973 Federal income tax return with the Internal Revenue Service Center at Ogden on June 18, 1974.

Petitioner's Federal income tax returns for 1972 and 1973 were later examined by respondent's agents. On December 20, 1976, in order to prevent the interruption of the audit and conference procedures then in progress, petitioner and his now-estranged wife, Laura L. Graham,[2] signed a consent (Form 872) extending the period for assessment of the 1972 and 1973 income taxes to April 15, 1978.

Respondent mailed on April 18, 1977, a 30-day letter, including a copy of the examination report, proposing adjustments to petitioner's income taxes for 1972 and 1973. By letter dated July 11, 1977, the petitioner protested the adjustments proposed in the 30-day letter.

On November 18, 1977, the petitioner filed a petition for voluntary bankruptcy in the U.S. District Court for the District of Oregon. On November 25, 1977, the bankruptcy clerk mailed to the District Director of Internal Revenue, Portland, Ore., a notice of the order for first meeting of creditors, which provided, in part, as follows:

3. February 6, 1978 is fixed as the last day for the filing of objections to the discharge of the bankrupt.

4. February 6, 1978 is fixed as the last day for the filing of a complaint to determine the dischargeability of any debt pursuant to §17c(2) of the Bankruptcy Act.

---

[2]In the pending and unconsolidated case of Laura L. Graham, docket No. 7835–78, the parties have stipulated that they will be bound by the decision entered in this case on the merits of the adjustments made by the respondent, except that Laura L. Graham has reserved her right to defend her case in accordance with her contention that she is an "innocent spouse" under sec. 6013(e).

\*       \*       \*       \*       \*       \*       \*

IT APPEARS FROM THE SCHEDULES OF THE BANKRUPT THAT THERE ARE NO ASSETS FROM WHICH ANY DIVIDEND CAN BE PAID TO CREDITORS. IT IS UNNECESSARY FOR ANY CREDITOR TO FILE HIS CLAIM AT THIS TIME IN ORDER TO SHARE IN ANY DISTRIBUTION FROM THE ESTATE. IF IT SUBSEQUENTLY APPEARS THAT THERE ARE ASSETS FROM WHICH A DIVIDEND MAY BE PAID, CREDITORS WILL BE SO NOTIFIED AND GIVEN AN OPPORTUNITY TO FILE THEIR CLAIMS.

The District Director, acting for respondent herein, did not file a proof of claim in petitioner's bankruptcy proceeding. Neither petitioner nor respondent filed an application in the bankruptcy proceeding to determine the dischargeability of petitioner's tax liability for the years 1972 and 1973.

On February 7, 1978, petitioner was granted a discharge in bankruptcy, which reads, in part, as follows:

1. The above-named bankrupt is released from all dischargeable debts.

2. Any judgement heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the bankrupt with respect to any of the following:

(a) debts dischargeable under §17a and b of the Bankrupcy Act;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2) and (4) of §17a of the Act;

(c) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clause (8) of §17a of the Act, except those debts on which there was an action pending on the date when the petition was filed as specified above in which a right to jury trial existed and a party has either made a timely demand therefor or has submitted to this court a signed statement of intention to make such a demand;

(d) debts determined by this court to be discharged under §17c(3) of the Act.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process to collect such debts as personal liabilities of the above-named bankrupt.

The bankruptcy Judge determined that no assets could be recovered out of the bankrupt's estate, and the estate was closed on February 8, 1978.

On April 10, 1978, respondent mailed to petitioner a notice setting forth deficiencies in income taxes and additions to tax for the years 1972 and 1973. The deficiencies resulted from respondent's determination of omitted gross income for both years and his disallowance of certain deductions claimed on petitioner's income tax return for 1973. A petition was timely filed in the Tax Court on June 29, 1978. Respondent has not assessed these deficiencies and additions to tax.

Petitioner made no attempt to contest his proposed tax deficiencies in the bankruptcy proceeding. He does not now contest the adjustments to income made by respondent in the notice of deficiency dated April 10, 1978, nor does he contest the additions to tax as set forth therein.

Initially, we must decide in these particular circumstances if this Court has jurisdiction to redetermine the deficiencies and additions to tax, which the petitioner no longer contests. Our decision on this issue depends to a major degree upon whether our opinion in *Orenduff v. Commissioner*, 49 T.C. 329 (1968), is still viable in view of the rationale of our more recent opinions in *Sharpe v. Commissioner*, 69 T.C. 19 (1977); *Tatum v. Commissioner*, 69 T.C. 81 (1977), affd. 612 F.2d 193 (5th Cir. 1980); *Baron v. Commissioner*, 71 T.C. 1028 (1979).

Section 6871(a) provides:

IMMEDIATE ASSESSMENT.— Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding, * * * any deficiency (together with all interest, additional amounts, or additions to the tax provided by law) determined by the Secretary in respect of a tax imposed by subtitle A or B upon such taxpayer shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

Section 6871(b) provides:

CLAIM FILED DESPITE PENDENCY OF TAX COURT PROCEEDINGS. —In the case of a tax imposed by subtitle A or B claims for the deficiency and such interest, additional amounts, and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court; but no petition for any such redetermination shall be filed with the Tax Court after the adjudication of bankruptcy, the filing or (where approval is required by the Bankruptcy Act) the approval of a petition of, or the approval of a petition against, any taxpayer in any other bankruptcy proceeding, or the appointment of the receiver.

In *Orenduff v. Commissioner, supra,* which has a factual pattern similar to the instant case, this Court held that section 6871(b) did not operate to deny it jurisdiction over deficiencies relating to prebankruptcy tax years (1956 through 1960) when the deficiencies were neither assessed under section 6871(a) nor claimed in the bankruptcy proceeding pursuant to section 6871(b), and the bankruptcy proceeding terminated prior to the

issuance of the notice of deficiency and the filing of the petition with the Tax Court. We said (49 T.C. at 332):

In view of this explanation we believe Congress intended the prohibition of subsection (b) of section 6871 to apply only when the deficiency has been assessed under the immediate assessment procedures authorized in subsection (a). It does not apply where, as here, the determinations of deficiencies are made after the bankruptcy or receivership proceedings are closed.

The section, as explained by the Senate committee report, was designed to place in the same court the power to adjudicate tax claims as well as the power to distribute the assets available for application on such claims. Otherwise, the assets of the debtor might be distributed before the tax claim could be perfected through the generally applicable administrative and Tax Court procedures. *Abel v. Campbell*, 334 F.2d 339 (C.A. 5, 1964). This legislative purpose, on the other hand, does not require that a taxpayer be denied access to this Court when a completely new deficiency, neither assessed nor claimed in the bankruptcy court, is determined after the bankruptcy or receivership proceedings are closed.

After changes were made in the Bankruptcy Act in 1966 and 1970, we considered their effect on section 6871(b) in the context of our jurisdiction. In *Sharpe v. Commissioner*, 69 T.C. 19 (1977), the taxpayer had been adjudicated a bankrupt after filing a voluntary petition in bankruptcy. The Commissioner subsequently assessed a deficiency for Federal income taxes and additions to tax under section 6651(a)(1) and, after filing a proof of claim for the taxes only, sent the taxpayer a notice of deficiency. With respect to Tax Court jurisdiction over the deficiency, we held this Court to be without jurisdiction in accordance with earlier case law. *Prather v. Commissioner*, 50 T.C. 445 (1968); *Izen v. Commissioner*, 64 T.C. 919 (1975). With respect to our jurisdiction over the additions to tax, we recognized in *Sharpe* that *King v. Commissioner*, 51 T.C. 851 (1969), as well as the portions of our opinions in *Prather* and *Izen* on this issue, supported a finding of jurisdiction. However, we noted in *Sharpe* that none of those opinions had considered the effect of section 2a(2A) (added in 1966)[3] or section 17c[4] (added in

---

[3]Sec. 2a(2A) provides that bankruptcy courts have jurisdiction to:

"Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, * * * "

[4]Sec. 17c provides in pertinent part:

(1) The bankrupt or any creditor may file an application with the court for the determina-

1970) of the Bankruptcy Act. After considering these provisions, we found our reasoning as expressed in *King, Prather,* and *Izen* no longer persuasive and announced that they would no longer be followed on this point.

In *Sharpe v. Commissioner, supra* at 27–28, we gave the following explanation of our interpretation of section 6871:

> It is our present view that by establishing a different method for assessment and collection of taxes where bankruptcy intervenes, Congress intended that "tax" matters in their entirety be settled by the bankruptcy court under bankruptcy procedures instead of by the Tax Court under the procedures set forth in sections 6212(a) and 6213(a), except where the Tax Court petition antedates the petition in bankruptcy. See *Kornberg v. Tomlinson,* 341 F.2d 300 (5th Cir. 1965); *Abel v. Campbell,* 334 F.2d 339 (5th Cir. 1964); *Cohen v. Gross,* 316 F.2d 521 (3d Cir. 1963). This view is fortified by the plain language of section 2a(2A) of the Bankruptcy Act and a newly established trend in the case law where the vigorous exercise of the bankruptcy court's jurisdiction compels reconsideration of the *King* rationale. Several courts have held that bankruptcy courts do have jurisdiction, notwithstanding the absence of the filing of a proof of claim, to determine various tax matters in the context of the bankruptcy proceedings. See *Bostwick v. United States,* 521 F.2d 741 (8th Cir. 1975); *Gwilliam v. United States,* 519 F.2d 407 (9th Cir. 1975); *In re Durensky,* 377 F. Supp. 798 (N.D. Tex. 1976, 39 AFTR 2d 77–310, 77–1 USTC par. 9267).
>
> By its terms section 2a(2A) of the Bankruptcy Act does not limit the jurisdiction of the bankruptcy court to debts claimable from the bankrupt's estate. See and compare *Tanner v. Commissioner,* 64 T.C. 415, 421 (1975), where we recognized that "there is a strong possibility that the bankruptcy court will take jurisidction of the tax matter here in controversy under section 2a(2A)."

In *Tatum v. Commissioner,* 69 T.C. 81 (1977), affd. 612 F.2d 193 (5th Cir. 1980), we held that we lacked jurisdiction under section 6871 to redetermine either the income tax deficiency or an addition to tax where the petition was filed in the Tax Court after the taxpayer (bankrupt) had filed a petition pursuant to chapter XI of the Bankruptcy Act, when the Commissioner had assessed the deficiency and addition to tax and filed a proof of

---

tion of the dischargeability of any debt.

\*     \*     \*     \*     \*     \*     \*

(3) After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof. \* \* \*

claim in the taxpayer's bankruptcy proceeding for the deficiency.

Then, in *Baron v. Commissioner*, 71 T.C. 1028 (1979), we held that the Tax Court lacked jurisdiction as to John H. Baron where the Commissioner mailed a joint notice of deficiency to John H. Baron and Ruby A. Baron after an involuntary petition in bankruptcy had been filed against John but while the bankruptcy proceeding was still pending.

When read together, the *Sharpe, Tatum*, and *Baron* cases establish the rule that the Tax Court lacks jurisdiction when the Tax Court petition is filed after the bankruptcy petition and *while the bankruptcy proceeding is still pending*, regardless of (1) whether the Commissioner assesses the deficiency under section 6871(a) and files a claim in the bankruptcy proceeding under section 6871(b) or (2) whether the notice of deficiency is mailed before the bankruptcy petition is filed or after the bankruptcy petition is filed and while the proceeding is still pending. This Court no longer makes a distinction between a deficiency and an addition to tax (which represents a nonpecuniary loss penalty) because they now stand on the same footing. The rationale for the existing jurisdictional rule is that sections 2a(2A) and 17c(1) and (3) of the Bankruptcy Act, and bankruptcy rule 303, operate to provide a taxpayer with an opportunity to litigate the merits of a prebankruptcy tax in the bankruptcy court prior to payment irrespective of whether the Commissioner assesses the tax under section 6871(a) and files a claim in the bankruptcy proceeding under section 6871(b).

In *Orenduff*, we based our opinion, in part, on the ground that the taxpayer would have been deprived of a prepayment forum if the Tax Court lacked jurisdiction, and serious constitutional problems in the area of equal protection might exist if all persons except bankrupts were permitted to contest their taxes without prepayment. That rationale appears to have lost some of its force and effect in view of sections 2a(2A) and 17c of the Bankruptcy Act (as implemented by bankruptcy rule 409), which were added to the Bankruptcy Act in 1966 and 1970, respectively.

One aspect of the operation of section 17c of the Bankruptcy Act, as implemented by bankruptcy rule 409(a)(1), which has not been mentioned in our prior opinions, is that a closed bankruptcy proceeding may be reopened for the purpose of considering

dischargeability, which, of course, would pave the way for a consideration of the merits of the debt if the bankruptcy court should determine that it is nondischargeable. See 1A W. Collier, Bankruptcy, sec. 17.28A, p. 1740 (14th ed.). Therefore, in the *Orenduff* factual situation, the taxpayer would still have access to the bankruptcy court. The key question is whether this factor alters our holding in *Orenduff*. In our opinion, it does not. The holding in *Orenduff* was unaffected by the later opinions in *King v. Commissioner*, 51 T.C. 851 (1969) (see particularly the concurring opinion of Judge Drennen at page 859 and the dissenting opinion of Judge Sterrett at page 863), and in *Sharpe v. Commissioner*, 69 T.C. 19 (1977), where we said in note 6, page 28: "Where, as here, the Commissioner sends a notice of deficiency after the adjudication of bankruptcy and *during the pendency* of such proceeding, the notice of deficiency is rendered a nullity." (Emphasis added.)

It is our view that a notice of deficiency relating to prebankruptcy years is valid if it is mailed after the termination of the bankruptcy proceeding, and the Tax Court will have jurisdiction if a timely petition is filed with respect to such notice. In a situation like this, the petitioner (bankrupt) has the right to elect to litigate the merits of the tax debt in the bankruptcy court. But if he chooses not to do so, and he is later discharged and the bankruptcy proceeding is closed, the Commissioner is then free to send a notice of deficiency for prebankruptcy years, and the petitioner can avail himself once again of a prepayment forum.

There are other practical reasons why we will continue to follow *Orenduff*. The procedure prescribed by section 17c(3) of the Bankruptcy Act is directed primarily toward the issue of dischargeability. When the bankruptcy court decides that a debt is nondischargeable, it will also determine the underlying merits of the debt. However, this would appear to be a cumbersome procedure when the debt is clearly nondischargeable and the only true issue relates to the underlying merits of the claim. In such a situation, there would seem to be no reason why the debtor must be relegated solely to the bankruptcy court. This would be particularly so when the bankruptcy proceeding has been closed for an appreciable period of time and the debtor has elected to litigate the merits of the debt in another court. But when, as here, there is an issue with respect to the dischargeability of a tax, perhaps the preferable procedure would be to

litigate that issue as well as the merits of the tax in the bankruptcy court. However, it does not necessarily follow that the Tax Court lacks jurisdiction merely because the debtor has the option of going back to the bankruptcy court. Moreover, the Tax Court would not lose its jurisdiction even if the petitioner, at this juncture, filed a complaint in the bankruptcy court under bankruptcy rule 409(a)(1) and section 17c(3) for the purpose of litigating the dischargeability and the merits of the deficiencies in that forum. In that event, the Tax Court case might be stayed under section 17c(4) of the Bankruptcy Act, but a stay would not, in itself, oust the Tax Court of jurisdiction. And, as a general proposition, it is conceivable that the merits of the deficiencies and additions to tax could still be litigated in the Tax Court. This situation is explained in 1A W. Collier, Bankruptcy, sec. 17.28A, p. 1742.4 (14th ed.), as follows:

> Where the court determines that the debt is nondischargeable, it will decide the remaining issues, such as the amount of the indebtedness, and render judgment on the debt. Bankruptcy Rule 409(b) provides that if his claim has not been reduced to judgment, the creditor shall include in a complaint or answer filed in a proceeding to determine dischargeability of the debt, a statement of his claim and demand for judgment on the debt. That judgment then becomes enforceable as any other judgment issuing out of the federal court, and, where necessary, the court may make any order for the enforcement of it. This provision in § 17c(3) renders unnecessary a splitting of actions or two lawsuits, which was a criticism directed to prior versions of legislation attempting to give jurisdiction to the bankruptcy courts to determine the dischargeability of debts. The whole "ball of wax" shall now be handled in the bankruptcy court, upon complaint filed pursuant to Bankruptcy Rule 409(a). *It may be in the rare case that the bankruptcy court, exercising discretion, will remit trial of the remaining issues to another forum because of the complexity or specialized nature of the claim, particularly if an action was pending. But this should not be the general practice.* [Emphasis added.]

Accordingly, we conclude that our *Orenduff* opinion remains viable,[5] and that this Court has jurisdiction to enter a decision in

---

[5]We note that the enactment in 1978 of a new Bankruptcy Code (Pub. L. 95–598) and in 1980 of the Bankruptcy Tax Act of 1980 (Pub. L. 96–589) will not change the conclusion on facts similar to those present in the instant case. The Bankruptcy Tax Act repeals the Commissioner's authority under sec. 6871(a) to assess prepetition taxes immediately upon the filing of a bankruptcy petition, unless a bankruptcy court ruling with respect to such tax liabilities had become res judicata. By reason of the interplay between the automatic stay provisions of 11 U.S.C. sec. 362 and the amendments to sec. 6871 of the Internal Revenue Code, if (as here) the Commissioner does not file a proof of claim with the bankruptcy court, and no application is filed in the bankruptcy proceeding (either by the Commissioner or the debtor) to determine an individual debtor's personal liability for nondischargeable taxes, the Tax Court would still have

favor of the respondent with respect to the deficiencies and additions to tax, which here are not contested.

We turn next to the petitioner's primary contention that his Federal income tax liability for 1972 and 1973 was discharged on February 7, 1978, when his petition for voluntary bankruptcy was granted. Respondent argues that this Court does not have jurisdiction to decide whether the income tax deficiencies and additions to tax were discharged in the bankruptcy proceeding. We agree with the respondent. The Tax Court has limited jurisdiction, and its powers do not exceed those conferred by statute. See *Continental Equities, Inc. v. Commissioner*, 551 F.2d 74, 79–80 (5th Cir. 1977); *Transport Manufacturing & Equipment Co. v. Commissioner*, 434 F.2d 373, 381 (8th Cir. 1970); *Jefferson Loan Co. v. Commissioner*, 249 F.2d 364, 366 (8th Cir. 1957); *Burns, Stix Friedman & Co. v. Commissioner*, 57 T.C. 392, 396 (1971). The redetermination of an income tax deficiency has "nothing to do with collection of the tax nor any similarity to an action for collection of a debt, nor does it involve any other rights and remedies of the sort traditionally enforced in an action at law." *Swanson v. Commissioner*, 65 T.C. 1180, 1184 (1976). And, in exercising its jurisdiction to redetermine deficiencies, the Tax Court cannot "allow or disallow a claim against a debtor's estate based on a deficiency in taxes or *to discharge taxes as a bankruptcy court might.*" *Fotochrome, Inc. v. Commissioner*, 57 T.C. 842, 847 (1972). [Emphasis added.]

Accordingly, we hold that this Court lacks the requisite subject matter jurisdiction to decide whether the petitioner's deficiencies and additions to tax were discharged in the bankruptcy proceeding. That is a matter which falls within the general jurisdiction of the bankruptcy court. Therefore, we do not decide whether the discharge in bankruptcy released the

---

jurisdiction to determine the merits of the debtor's personal liability for such taxes. This jurisdiction would exist where the bankruptcy case is still pending if the automatic stay on Tax Court proceedings under 11 U.S.C. sec. 362 has been lifted, or after the bankruptcy case has been closed, at which point, the automatic stay is lifted.

petitioner from his liability for the deficiencies and additions to tax for the years 1972 and 1973.[6]

*Decision will be entered for the respondent.*

---

[6]It is noted, however, that in all probability the bankruptcy court would conclude that the petitioner was not released from liability for the deficiencies and additions to tax by reason of his discharge in bankruptcy because sec. 17a(1)(a) and (c) of the Bankruptcy Act, as it then existed, operated to exempt such deficiencies and additions to tax from the effect of a discharge. See *Wukelic v. United States,* 544 F.2d 285 (6th Cir. 1976); *In re Michaud,* 458 F.2d 953 (3d Cir. 1972); *In re Indian Lake Estates, Inc.,* 448 F.2d 574 (5th Cir. 1971).

