DARRELL R. AND ZELMA JO HARDING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harding v. Commissioner
Docket No. 48962-86
United States Tax Court
T.C. Memo 1989-116; 1989 Tax Ct. Memo LEXIS 116; 56 T.C.M. (CCH) 1509; T.C.M. (RIA) 89116; March 23, 1989; As amended March 28, 1989 Darrell R. and Zelma Jo Harding, pro sese. Kathleen O. Lier, and P. Joseph Ineich for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes, as follows: Year
Deficiency
1980
$  6,017
1981
11,536
1982
7,260
1983
9,743
1984
2,326
Additions to Tax
Year
6651(a)(1)[1]
6653(a)(1)
6653(a)(2)
6659
6621(d)
1980
n/a
$ 300.85
n/a
$ 1,805.00 **
1981
n/a
576.80
*
3,461.00 **
1982
n/a
363.00
*
2,178.00 **
1983
$ 123.85
561.20
*
2,923.00 **
1984
n/a
116.30
*
697.80 **
After concessions, the issues remaining for decision are (1) whether this Court has *118 subject matter jurisdiction to determine whether the deficiencies in and additions to tax at issue were discharged in bankruptcy; and (2) if we do have jurisdiction to decide the dischargeability issue, whether the bankruptcy proceeding discharged petitioners from Federal income tax deficiencies and additions to tax for the years in issue. FINDINGS OF FACT Some of the facts have been stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Darrell R. and Zelma Jo Harding (petitioners) resided in Sherwood, Arkansas, when they filed the petition in this case. Petitioners filed timely Federal income tax returns for 1980 through 1984. On their 1983 income tax return, petitioners reported investment tax credits generated from an investment in American Educational Leasing. In addition, petitioners filed Form 1045, Application for Tentative Refund, on January 18, 1984, to carryback unused investment tax credits to 1980 through 1982. Petitioners also reported deductions from their American Educational Leasing investment on their 1984 income tax return, and carried forward unused investment tax credits from their 1983 tax return to *119 1984. On October 2, 1986, respondent issued a statutory notice of deficiency disallowing petitioners' claimed losses and investment tax credits resulting from their investment in American Educational Leasing. Thereafter, petitioners filed a timely petition for redetermination of their tax deficiencies with this Court. Subsequently, on December 22, 1987, petitioners filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code, with the United States Bankruptcy Court, Eastern District of Arkansas, Little Rock Division. The U.S. Bankruptcy Court ordered a meeting of creditors, as follows: ITEM NO. 1 - Sec. 341(a) MEETING DATE: January 19, 1988 at 08:30 am in Room 109, U.S. Postoffice & Courthouse Little Rock, AR
ITEM NO. 2 - FILING DEADLINE FOR SEC. 523(C)/SEC. 727 COMPLAINTS: March 21, 1988 IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT: A meeting of creditors pursuant to 11 U.S.C. sec. 341(a) shall be held at the time and place specified in ITEM NO. 1 above at which time creditors may examine the debtor and present documented requests to to abandon property. The debtor [and joint debtor, if any] and attorney for debtor(s) *120 shall be in attendance at the sec. 341(a) meeting. * * * * * * If the debtor is an individual, the date specified in ITEM NO. 2 above is the last day for filing objections to the discharge of the debtor under 11 U.S.C. sec. 727 and/or filing a complaint to determine dischargeability under 11 U.S.C. sec. 523(c). If no objection to the discharge is filed, the debtor will be granted a discharge. If no complaint if filed, the debt may be discharged. Upon filing of the petition, certain acts and proceedings against the debtor and the estate are stayed as provided in 11 U.S.C. sec. 362(a). Respondent did not file a proof of claim in petitioners' bankruptcy proceeding. On April 29, 1988, petitioners were granted a discharge in bankruptcy, as follows: 1. The debtor is released from all personal liability for debts existing on the date of commencement of this case, or deemed to have existed on such date pursuant to Section 348(d) of the Bankruptcy Code (Title 11, United States Code). 2. Any existing judgment or any judgment which may be obtained in any court with respect to debts described *121 in paragraph 1 is null and void as a determination of personal liability of the debtor, except: a. Debts determined nondischargeable by the Bankruptcy Court pursuant to Section 523(a)(2), (4), and (6) of the Bankruptcy Code; and b. Debts which are nondischargeable pursuant to Section 523(1), (3), (5), (7), (8), and (9) of the Bankruptcy Code. 3. This order does not affect any pending complaint to have a debt declared nondischargeable pursuant to Section 523(a)(2), (4) and (6) of the Bankruptcy Code, nor does it prohibit filing of a complaint under Section 523(a)(1), (3), (5), (7), (8), and (9) of the Bankruptcy Code. 4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case. Neither petitioners nor respondent contested the determined tax deficiencies in the bankruptcy proceeding. On September 13, 1988, petitioners and respondent entered into a Stipulation of Settlement for Tax Shelter Adjustments, wherein petitioners agreed to be bound by the results of McCrary v. Commissioner, docket number 2979-86, in the event that the deficiencies in issue were not discharged in the bankruptcy proceeding. OPINION Petitioners *122 argue that their bankruptcy discharge under Chapter 7 erased all deficiencies, interest, and additions to tax for 1980 through 1984. Respondent takes the position that this Court does not have jurisdiction to determine whether these deficiencies and additions to tax were discharged. Alternatively, respondent contends that, if we determine that this Court has the necessary jurisdiction, the deficiencies and additions to tax are priority claims as defined by section 508(a)(7)(A) of the Bankruptcy Code, 11 U.S.C. sec. 507(a)(7)(A) (1986), and, as such, are nondischargeable under section 523(a)(1)(A) of the Bankruptcy Code. The jurisdiction of this Court is strictly limited by statute, and we have no authority to enlarge upon that statutory grant of jurisdiction. Estate of Meyer v. Commissioner,84 T.C. 560, 562 (1985). We may exercise jurisdiction only to the extent expressly provided by Congress. Sections 7442 and 6213 confer jurisdiction on the Tax Court to redetermine deficiencies in income taxes, estate and gift taxes, and certain excise taxes. Secs. 6211-6214. In addition, there are other limited *123 circumstances, not pertinent in the instant case, where the Internal Revenue Code grants jurisdiction to this Court. Nowhere is it provided that this Court has jurisdiction to determine the dischargeability of debts under the Bankruptcy Code. We have previously held that we do not have jurisdiction to decide whether a taxpayer's income tax deficiencies and additions to tax are discharged in a bankruptcy proceeding. Graham v. Commissioner,75 T.C. 389, 399 (1980); see Deason v. Commissioner,T.C. Memo. 1976-224, affd. 590 F.2d 1377 (5th Cir. 1979). In Graham, the taxpayer filed a voluntary petition for bankruptcy. Respondent did not file a proof of claim with the bankruptcy court, and neither the taxpayer nor respondent filed an application in the bankruptcy proceeding to determine the dischargeability of the taxpayer's tax liability for the prebankruptcy years. After the taxpayer was discharged in bankruptcy, respondent issued a notice of deficiency for deficiencies in and additions to tax for prebankruptcy years. Subsequently, the taxpayer filed a petition in the Tax Court but did not contest the adjustments to income made *124 by respondent. Instead, the taxpayer in Graham, like petitioners herein, contended that his tax liability had been discharged in bankruptcy. The Court concluded that a notice of deficiency relating to prebankruptcy years is valid if it is mailed after the termination of the bankruptcy proceeding and that this Court had jurisdiction to determine the merits of the tax determination. Graham v. Commissioner,75 T.C. at 397. We held, however, that the Tax Court lacked the requisite subject matter jurisdiction to decide whether the taxpayer's deficiencies and additions to tax were discharged in the bankruptcy proceeding. There is no basis for departing from that precedent here or for concluding that we do have jurisdiction. For petitioners' information, we note that petitioners probably were not released from liability for the deficiencies and additions to tax by their bankruptcy discharge. Section 523(a)(1)(A) of the Bankruptcy Code, 11 U.S.C. sec. 523(a)(1)(A) (1986), provides that individuals are not discharged under section 727 of the Bankruptcy Code for claims which fall within section 507(a)(7)(A) of the Bankruptcy Code *125 . Section 507(a)(7)(A) of the Bankruptcy Code renders nondischargeable claims for Federal income taxes for which a return was due less than 3 years before the voluntary petition was filed. Because petitioners' Federal income tax returns for 1983 and 1984 were due less than 3 years before petitioners filed their bankruptcy petition on December 30, 1986, petitioners' income taxes for those years would be nondischargeable. See Hammerer v. Internal Revenue Service, 18 Bankr. 524 (Bankr. E.D. Wis. 1982). Similarly, because the deficiencies for 1980 through 1982 resulted from an investment credit carryback from the 1983 tax return, the period for assessment for 1980, 1981, and 1982 has not yet expired. Any deficiency attributable to carrybacks from 1983 or 1984 are assessable and, therefore, would also be nondischargeable under section 507(a)(7)(A) of the Bankruptcy Code. See In Re Crist v. United States, 85 Bankr. 807 (Bankr. N.D. Iowa 1988). Finally, section 523(a)(7)(A) of the Bankruptcy Code requires that tax penalties be treated consistently with the treatment of the related underlying *126 tax liability. See In Re Carlton v. Internal Revenue Service, 19 Bankr. 73 (D. N.M. 1982). Therefore, additions to tax "cannot be nondischargeable unless the tax itself is nondischargeable." 3 Collier on Bankruptcy sec. 523.17, p. 523-130 (15th ed. 1988). Because petitioners' Federal income tax deficiencies would not be discharged, the related additions to tax would not be discharged. To take account of the parties' stipulation to be bound by McCrary v. Commissioner,
An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue, except as otherwise noted.↩
*. 50 percent of the interest due on the underpayment attributable to negligence. ** 120 percent of the interest due on the underpayment attributable to tax motivated transactions.↩