**In re Robert Allen SMITH, Debtor.**

**Robert Allen Smith, Plaintiff,**

**v.**

**United States of America, Defendant.**

No. 99–00513MP.
Adversary No. 95–0042.

United States District Court,
D. Hawaii.

Oct. 27, 1999.

Steven S. Alm, United States Attorney, Carol K. Muranaka, Special Assistant U.S. Attorney, Honolulu, Bernard J. Knight, Jr., Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for Internal Revenue Service.

Fred Paul Benco, Esq., Honolulu, for Judgment Creditors Benjamin Paul Kekona and Tamae M. Kekona.

Harry Sheer, U.S. T, Gayle Lau, Esq., Assistant U.S. Trustee, Curtis B. Ching, District of Hawaii, Honolulu.

Robert A. Smith, Kaneohe, Pro Se.

*ORDER AFFIRMING BANKRUPTCY COURT'S JUDGMENT DISMISSING CASE, WITH PREJUDICE, ENTERED JANUARY 28, 1999*

PENCE, Senior District Judge.

Debtor/Appellant Robert Allen Smith ("Smith" or "Debtor") appeals the bankruptcy court's Judgment entered January 28, 1999, dismissing, with prejudice, Smith's May 8, 1995 adversarial Complaint For Declaratory Relief to Cancel Alleged Income and Employment Tax Indebtedness Claimed by Internal Revenue Service. The issues on appeal are (1) whether debtor is entitled to a jury trial; (2) whether debtor is liable for the penalties arising under 26 U.S.C. § 6672 for his willful failure to collect, truthfully account for, and pay over the trust fund taxes of Robert A. Smith, Attorney at Law, a Law Corporation ("RASCORP"); (3) whether, for federal employment tax purposes, the debtor and Paz Abastillas ("Abastillas") were employees of RASCORP during the period 1987 through 1990; (4) whether debtor's loans from his professional corporation can be re-characterized as income by the IRS; (5) whether debtor was entitled to the safe haven protection of Section 530 of the Revenue Act of 1978, as amended, to avoid liability for the § 6672 penalty; and (6) whether the debtor is entitled to the lower rates for the calculation of RASCORP'S unpaid employment tax liabilities as provided in 26 U.S.C. § 3509.

BACKGROUND

Debtor is a trial attorney practicing in Honolulu, Hawaii. Prior to 1987, debtor practiced as a sole practitioner and employed several persons in his law practice, treating them as employees for federal employment tax purposes. In early 1987, debtor consulted with one Gary Altman, a friend, CPA, and attorney, in an attempt to restructure his business affairs to avoid paying the federal employment tax obligations associated with the operation of his law practice. Altman allegedly assisted the debtor in devising a system whereby the debtor restructured the form of his law practice from a sole proprietorship utilizing employees, to a law corporation utilizing "independent contractors". To this end, on April 10, 1987, debtor formed Robert A. Smith, Attorney at Law, a Law Corporation ("RASCORP"), and RASCORP made the election to be treated as a Subchapter S corporation for federal income tax purposes. Debtor was the only shareholder, director, President, Secretary, and Treasurer of RASCORP. At a meeting of the Board of Directors held on April 11, 1987, Paz Abastillas ("Abastillas"), debtor's common-law wife, was elected to the office of Vice President. Both maintained their positions during the periods at issue, i.e., 1987 to 1990, inclusive.

At debtor's insistence, Abastillas and former employees also subsequently executed documents creating wholly-owned corporations, and RASCORP then contracted with each of the corporations for its services. Abastillas incorporated as Standard Management, Inc. ("SMI"). Debtor claimed he received no salary from RASCORP, but did obtain "loans" from the corporation, which he partially repaid from additional "loans" he received from

RASCORP. By this system, RASCORP attempted to evade employment-related tax liability as to debtor and the independent contractors, and debtor avoided income tax liability.

Sometime in 1989, the IRS conducted an employment tax audit of RASCORP and determined that the newly engaged independent contractors were, in fact, employees. The IRS also re-characterized the "loans" made by RASCORP to the debtor as salary. As a result of its audit, the IRS determined that RASCORP should have been withholding taxes (income, FICA, and Medicare, commonly referred to as "trust-fund" taxes) from the wages of its employees and from the "loans" to the debtor, as well as paying the employer's share of the employment taxes. The IRS also concluded that the debtor was a "responsible person" of RASCORP and, as such, was personally liable, pursuant to 26 U.S.C. § 6672, for failure to collect, account for, and pay over the trust-fund portion of the employment taxes not paid to the IRS by RASCORP.

On December 5, 1994, debtor filed a petition under Chapter 11. On January 27, 1995, the IRS filed a proof of claim for the pre-petition penalties mentioned above in the amount of $118,314.80. (This proof of claim was subsequently amended on December 19, 1997, to $113,255.84, which represents the unpaid trust fund liability associated only with the wages attributable to the debtor and Abastillas for the years 1987 through 1990.)

On May 8, 1995, debtor filed the adversary proceeding at issue seeking declaratory relief for cancellation of the indebtedness claimed by the IRS for the employment tax assessment. Debtor requested a trial by jury, and on November 8, 1995, the bankruptcy court denied his request. Debtor appealed. On January 9, 1997, the BAP affirmed the bankruptcy court's Order denial of a jury trial, and on October 24, 1997, the U.S. Court of Appeals for the Ninth Circuit dismissed debtor's appeal of the BAP's decision for lack of jurisdiction.

Meanwhile, on June 27, 1995, debtor's case was converted to one under Chapter 7, and on August 16, 1996, the bankruptcy court entered an Opinion denying the debtor a discharge pursuant to 11 U.S.C. §§ 727(a)(2) (finding that debtor had "actually intended to hinder and delay a creditor"), 727(a)(4)(A) (finding that debtor "had made material false oaths, knowingly and fraudulently"), and 727(a)(6) (finding that debtor disobeyed a court order). (*Benjamin Paul Kekona, et al. v. Robert Allen Smith*, Adversary 95–0089.) In its Opinion, the bankruptcy court made at least two factual findings that the debtor attempted to conceal assets from the IRS to prevent collection of his or RASCORP's unpaid tax liabilities by "directly cashing checks from clients...rather than depositing them in [RASCORP's] corporate account" (Opinion, p. 5), and that "Abastillas gave Bornemann a mortgage on the Kaneohe property to protect the property from the IRS" (Opinion, p. 6). Transcript of October 5, 1998, pp. 156 and 157.

At trial held October 5, 1998 to consider the debtor's adversarial Complaint filed May 8, 1995, while debtor admitted that he was a "responsible person" of RASCORP, he disputed the IRS' assessment against him claiming that SMI (Abastillas' corporation) was an independent contractor and not an employee of RASCORP, and that he obtained "loans" from RASCORP and not any form of compensation for his services. He also argued that if it were determined that SMI were indeed an employee and not an independent contractor, the assessment liability should have been calculated in accordance with the reduced rates set forth in 26 U.S.C. § 3509, which limits the withholding taxes to prescribed percentages of wages and, further, that he qualified for relief under the safe haven protection of § 530.

The bankruptcy court rejected the debtor's arguments and, on January 28, 1999, found and concluded that the debtor and

Abastillas were employees of RASCORP; that neither debtor nor RASCORP could rely on Section 530 to avoid debtor's liability for the penalty arising under 26 U.S.C. § 6672; and that debtor was not entitled to the lower rates for calculation of RASCORP's unpaid employment tax liabilities under § 3509. The bankruptcy court then dismissed the debtor's adversarial Complaint, with prejudice, and the debtor appealed.

## JURISDICTION

■ Throughout all proceedings, debtor has persistently claimed that he and his corporation, RASCORP, are individual entities, yet he has, just as persistently and consistently, interchanged his positions to his convenience. In his Complaint before the bankruptcy court, the debtor contested "the amount or legality" of the taxes alleged by the IRS to be owed by the debtor. He also moved for cancellation of any tax indebtedness alleged to be owed by both him *and* RASCORP. Here, debtor wears both hats—one as the debtor, and the other as RASCORP. As stated above, the tax liability issue is against RASCORP, and debtor, in his personal bankruptcy case, has no standing to contest the assessment against RASCORP. Unless and until RASCORP resolves its tax assessment and liability to the IRS by whatever procedures are available to it, the debtor's indebtedness under § 6672, which is a *penalty* imposed as a punitive measure against him as a "responsible person", cannot be contested through bankruptcy proceedings.

■ While the bankruptcy court is vested with jurisdiction to determine the amount and validity of a tax assessment [1], that court is without jurisdiction to make a determination of the amount and legality of any penalty imposed in connection with the tax. *Sowers v. State Board of Equalization of the State of California,* 600 F.2d 1254, 1255 (9th Cir.1979). In agreeing with the rationale of the State Board that section 57j of the Bankruptcy Act (11 U.S.C. § 93j, the precursor of section 724(a) [2]) was sound, the *Sowers* court stated:

> "Penalties are imposed as punitive measures against the party. Enforcing them against the bankrupt's estate would not punish the bankrupt, but would reduce the funds available to the bankrupt's creditors. Since penalties are not discharged in bankruptcy, the validity of a tax penalty has no effect on the bankruptcy. As a consequence, there is no reason for the bankruptcy court's jurisdiction to extend to penalties."

---

1. 11 U.S.C 505 states:

   (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
   (2) The court may not so determine—
   (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; . . . .
   There is nothing in the record to indicate that the tax was paid or that the issue had been previously contested.

2. Section 724 states:

   (a) The trustee may avoid a lien that secures a claim of a kind specified in section 726(a)(4) of this title.
   Section 726 states:
   (a) Except as provided in section 510 [referring to subordination] of this title, property of the estate shall be distributed—

   \*    \*    \*    \*    \*    \*

   (4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for the multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim; . . . .

The court then held that a bankruptcy court has no jurisdiction to determine the validity and amount of a tax fraud penalty which was in a tax liability assessment. *Sowers* at 1256.

■ Following that rationale, here, then, the bankruptcy court did not have jurisdiction to consider "the amount or legality" of the penalty assessment against the debtor. While the bankruptcy court, at the trial held on October 5, 1998, considered *all* issues presented by the debtor in his Complaint, the *only* issue properly before the bankruptcy court was whether or not the debtor was the "responsible person" of RASCORP, which resulted in the penalty assessment against him under § 6672.

## STANDARD OF REVIEW

■ A bankruptcy court's finding that debtor was "responsible" for purposes of being held liable for unpaid withholding taxes is on a question of fact and cannot be set aside unless clearly erroneous. *Maggy v. United States,* 560 F.2d 1372, 1375 (9th Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978); *see also Alsheskie v. United States,* 31 F.3d 837, 839 (9th Cir.1994). A bankruptcy court's finding of willfulness is a finding of fact subject to reversal only if clearly erroneous. *Dudley v. United States,* 428 F.2d 1196, 1200 (9th Cir.1970).

■ Further, a district court has the power to consider any issue presented by the record on appeal of a bankruptcy matter, even if the issue was not presented to the bankruptcy court. *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985). Bankr.Proc. Rule 8013.

## DISCUSSION

It is uncontroverted that debtor was the sole shareholder, Director, President, Secretary, and Treasurer of his wholly owned law practice, RASCORP. When the IRS conducted an employment tax audit of RASCORP, it found that RASCORP's newly engaged independent contractors were, in fact, employees, and it re-characterized the loans made by RASCORP to the debtor as salary. As a result of those findings, the IRS determined that *RAS-CORP* should have been withholding taxes from the wages of its employees and from the "loans" to the debtor (the "trust-fund taxes"), and that *RASCORP* also should have been paying the employer's share of the employment taxes. The IRS also concluded that the debtor was a "responsible person" of RASCORP, and, as such, he was personally liable for a *penalty* equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over to the IRS.

■ Generally, the person required to collect and pay over income and social security taxes imposed upon the wages of employees is their employer, and no other. 26 U.S.C. §§ 3101, 3102, 3402, and 3403. Here, the employer is RASCORP. Section 6672 imposes a liability *separate and distinct* from the employer's liability for the taxes to be withheld. It imposes that liability upon persons other than the employer. Here, that person is the debtor. *See Bloom v. United States,* 272 F.2d 215, 221 (9th Cir.1959); *Spivak v. United States,* 370 F.2d 612, 615 (2d Cir.1967); *Hewitt v. United States,* 377 F.2d 921, 925 (5th Cir.1967). Under § 6672, persons responsible have the "final word as to what bills should or should not be paid and when". *U.S. v. Jones,* 33 F.3d 1137, 1139 (9th Cir.1994), citing *Purcell v. United States,* 1 F.3d 932, 936 (9th Cir.1993). *See also Davis v. United States,* 961 F.2d 867, 873 (9th Cir.1992) (president and major shareholder liable under § 6672 because he paid other creditors rather than the delinquent taxes), *cert. denied,* 506 U.S. 1050, 113 S.Ct. 969, 122 L.Ed.2d 124 (1993).

The definition of "persons" in section 6671(b) merely specifies those individuals whose function it is to perform these acts when the employer is a corporation, as here. Section 6671(b) includes "an officer

or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs". The liability imposed by section 6672 upon those other than the employer is not restricted to the classes of persons specifically listed—officers or employees of corporations and members or employees of partnerships. *Pacific National Insurance Co. v. United States*, 422 F.2d 26, 30 (9th Cir.1970), *rehrg. denied* March 3, 1970, *cert. denied*, June 1, 1970 (398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269), but includes the debtor, by virtue of § 6671(b).

While it might be argued that the assessment made on the debtor is derivative of the assessments made on RASCORP in that they both relate to taxes collected or withheld by the corporation, the liability imposed upon debtor by section 6672 is statutory. *See United States v. Molitor*, 337 F.2d 917, 924 (9th Cir.1964), citing *Bloom v. United States*, 272 F.2d 215, 221 (9th Cir.1959), *cert. denied*, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146.

■ Before the 100% penalty assessment under § 6672 can be imposed, two requirements must be met: (1) the party assessed was a "responsible person", i.e., one required to collect, truthfully account for, and pay over the tax, and (2) the person willfully refused to pay the tax. *United States v. Jones*, 33 F.3d 1137 (9th Cir.1994), citing *Teel v. United States*, 529 F.2d 903, 905 (9th Cir.1976). Debtor does not deny that he is the "responsible person" of RASCORP for purposes of § 6672. Debtor's admission is acknowledged both in his Complaint (para. 6 at p. 2), and in his testimony at the trial held October 5, 1998, when, in response to the question, "Isn't it correct that you admit that you were a responsible person within the meaning of Section 6672 of the Internal Revenue Code?," he answered, "Yes". Trial transcript, p. 160, ll. 4–7.

■ At trial, debtor also admitted that he used monies out of RASCORP's checking account as he needed it to pay his and Abastillas' personal living expenses, Trial transcript, p. 145, l. 25, and p. 146, ll. 1–3, and p. 159, ll. 18–21, payments to his ex-wife, p. 129, l. 25, and payments for typing classes and swimming association dues for Abastillas' children, p. 130, ll, 20–25, and p. 131, l. 1. These payments were in addition to payments made by RASCORP to Abastillas and/or SMI, for services performed by Abastillas, including bonuses. Where the decision of the debtor, as the responsible officer (President) of the corporation, not to have the corporation withhold and pay over the required taxes to the IRS was a voluntary, conscious, and intentional act to prefer other creditors of the corporation over the United States (IRS), the debtor's conduct must be deemed willful within the purview of § 6672. *Bloom v. United States*, supra, 272 F.2d 215.

CONCLUSION

The bankruptcy court did not err in finding that the debtor was the person responsible for collecting, truthfully accounting for, and paying over the trust fund taxes of RASCORP to the United States during the periods at issue; that debtor's failure to do so was willful; and that debtor is liable for the penalty arising under 26 U.S.C. § 6672 assessed against him for the years 1987 through 1990. The bankruptcy court's dismissal of debtor's adversarial action is AFFIRMED, upon the grounds stated in this Order.

IT IS SO ORDERED.