T.C. Summary Opinion 2003-12


UNITED STATES TAX COURT


FLORENCE C. BLANKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10845-00S.                Filed February 14, 2003.


Florence C. Blankson, pro se.

<u>Nina P. Ching</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

---

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  Rule references are to the Tax Court Rules of
Practice and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

In separate notices of deficiency, respondent determined the following deficiencies in Federal income taxes and penalties against petitioner and her husband, Moses A. Blankson, for the years indicated:[2]

| Year | Deficiency | Sec. 6662(a) Penalty |
|------|-----------|----------------------|
| 1993 | $10,971 | $2,191 |
| 1994 | 5,681 | 1,136 |
| 1995 | 6,066 | 1,204 |
| 1996 | 9,259 | 1,851 |

After concessions,[3] the issues for decision are: (1) Whether assessment or collection of the deficiency and penalty

---

[2]    With regard to one of the notices of deficiency, for the 1993 and 1994 tax years, petitioner and her husband (Mr. Blankson) filed a petition with this Court in docket No. 16417-97. At the time the petition was filed, petitioner had a pending bankruptcy proceeding. On motion by respondent, petitioner was dismissed from the case for lack of jurisdiction. Mr. Blankson remained in the case and later conceded the deficiencies and penalties for the years 1993 and 1994. Thereafter, respondent issued a notice of deficiency to petitioner and Mr. Blankson for the 1995 and 1996 tax years. About that time, petitioner's bankruptcy proceeding was concluded, and petitioner timely filed a petition with respect to both notices of deficiency for the years 1993, 1994, 1995, and 1996. Mr. Blankson did not petition the Court with respect to the 1995 and 1996 notice of deficiency.

[3]    At trial, petitioner conceded a dependency exemption deduction for her son, Samuel, for 1993. Respondent conceded his determination that petitioner failed to report a $73 taxable distribution for 1993 and $2,753 in wage and salary income for 1995.

for 1993 is barred by the statute of limitations under section 6501(a); (2) whether petitioner is entitled to various Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From Business, deductions in excess of amounts allowed by respondent for 1993 through 1996; (3) whether petitioner is entitled to charitable contribution deductions under section 170 in excess of amounts allowed by respondent for 1993, 1994, and 1995; (4) whether petitioner is entitled to a trade or business loss deduction under section 165 for 1996; (5) whether petitioner is entitled to a dependency exemption deduction for her sister under section 151 for 1993 and 1994; (6) whether petitioner is entitled to a child care credit under section 21 for 1995; and (7) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for 1993 through 1996, inclusive.[4]

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof.

---

[4] In a supplemental posttrial brief, petitioner argued that her 1994 tax liability should have been included in her bankruptcy proceeding. The Court construes that as an argument that this Court has no jurisdiction over her 1994 tax liability and that such jurisdiction should be in the bankruptcy court. The Court rejects such argument. Although this Court lacks jurisdiction as to whether a tax liability has been discharged in bankruptcy, this Court nevertheless has jurisdiction to determine the amount of the deficiency. Neilson v. Commissioner, 94 T.C. 1, 8-9 (1990); Graham v. Commissioner, 75 T.C. 389, 399-400 (1980).

Petitioner's legal residence at the time the petition was filed was Atlanta, Georgia.

Petitioner is married to Moses Blankson. The Blanksons emigrated to the United States from Ghana, West Africa. Petitioner is a registered nurse with a nursing degree from Cambridge University in England. Her husband, Mr. Blankson, was a financial analyst and accountant for a bank during the years at issue and also held a second job. Petitioner and Mr. Blankson have four children: Samuel, born in 1965, Rosemary, born in 1975, Melissa, born in 1979, and Clara, born in 1985.

During the years 1993 through 1996, petitioner was employed as a salaried nurse by the Atlanta, Georgia, public school system during the school year. Petitioner was also engaged in a self-employed activity as a critical care nurse for coronary care patients, for which she was paid by the hour. Petitioner performed critical care services on weekends, holidays, and some week nights during the school year, and full time during the summer months.

In 1995, petitioner incurred child care expenses for her youngest child, Clara, who was then 10 years old. The care was provided during evenings when petitioner and Mr. Blankson worked night shifts. Petitioner claimed a $480 credit on her 1995 return for child care expenses of $2,600 paid to Kuddle Korner. The care provider was paid in cash, and the total expense

reported was based on a cost of $75 per week.  Petitioner did not present any written documentation from Kuddle Korner, the care provider, although she allegedly showed a letter from a Mrs. Mankle to the examining agent who questioned the expense. Respondent allowed a child care credit for 1993 and 1994 but disallowed the credit for 1995 for lack of substantiation.

Petitioner has a younger sister, Cecilia Ofori.  Ms. Ofori, who is handicapped, resided with petitioner during 1993 and 1994 while attending a trade school.  Ms. Ofori was 29 or 30 years old during that time and had come to the United States from Ghana. Petitioner contends that she paid all of Ms. Ofori's expenses in cash during that period, including tuition, books, clothing, school supplies, and medicine.  Petitioner also claims to have provided Ms. Ofori's board and lodging.  Ms. Ofori was not employed, had no income, and did not receive any government grants, food stamps, or welfare benefits.  Petitioner did not receive financial support from any other sources or family members for the support of Ms. Ofori.

Petitioner claimed a dependency exemption deduction for Ms. Ofori for 1993 and 1994 but incorrectly listed as Ms. Ofori's a Social Security number that was the Social Security number of one of petitioner's daughters.  Respondent disallowed the exemption for Ms. Ofori.  Petitioner never provided a correct Social Security number for her sister, who moved back to Ghana in 1995.

The only evidence presented by petitioner in support of her entitlement to the dependency exemption deduction was an insurance profile from a Revco pharmacy in Atlanta, which revealed that Ms. Ofori was 30 years old during the 1993 tax year and that a total of $247.15 was paid on five occasions for medication for Ms. Ofori during 1993.

Petitioner performed her critical care nursing in hospital intensive care or coronary care units and occasionally in homes. The hospitals were located various distances from Atlanta, in Rockdale County, Henry County, and Savannah, Georgia. Petitioner generally used a Jaguar automobile that she acquired in 1992 to travel to the long-distance hospital jobs. For her school nurse job or for nearby critical care nursing jobs, she used a smaller automobile. She had some records of expenses pertaining to a 1979 Toyota Corolla and a 1992 Acura Vigor in addition to the Jaguar. Although she claimed to have kept records of her mileage for the agencies for which she worked, she did not produce such records at trial. Petitioner maintained and offered into evidence some expense records of insurance premiums and automobile maintenance expenses in the form of duplicate and canceled checks. However, these records did not chronicle petitioner's vehicle expenses with respect to these automobiles. Petitioner did not maintain a log reflecting the days, times, places, and purposes for which she used her vehicles.

On her Federal income tax returns for the years at issue, petitioner claimed deductions for expenses relating to her employment as a nurse on Schedule A. With respect to her self-employed activity as a critical care nurse, petitioner claimed expenses relating to that activity on Schedule C. In the notices of deficiency, respondent made some adjustments shifting some of the expenses between the Schedules A and C and, additionally, disallowing some of the expenses. Petitioner's objections are directed to the disallowed expenses rather than the shifting of expenses between the two schedules.

In 1996, petitioner's Acura automobile was damaged in an accident. While it was being repaired, she drove a rented car provided by her insurance company. The rental car was stolen, along with equipment in the car that petitioner used in her critical care nursing activity. The loss of the equipment was not covered by insurance. Petitioner claimed a casualty loss deduction of $4,500 on her 1996 income tax return, Schedule 4684, Casualty Loss, pursuant to section 165(c)(3) but realized no tax benefit because the amount claimed was less than 10 percent of her adjusted gross income. Sec. 165(h)(2). Petitioner presented a list of the stolen equipment at trial, which she valued at

$1,709.03.[5]  She presented no evidence to substantiate the amounts.

Petitioner claimed charitable contributions deductions in the years at issue.  For 1993, petitioner claimed a deduction for contributions of $9,500 by cash or check and $500 by other than cash or check.  Respondent allowed $2,700 and disallowed the remainder for lack of substantiation.  For 1994, petitioner claimed a deduction for contributions of $4,100 by cash or check and $210 by other than cash or check.  Respondent allowed $3,600 and disallowed the remainder.  For 1995, petitioner claimed a deduction for contributions of $5,280 by cash or check.  Respondent allowed $2,230 and disallowed the remainder.  Petitioner acknowledged that some of the donated items were to individuals and not to recognized charitable organizations.  For example, petitioner donated a television to a handicapped child.  Other than her testimony, petitioner presented no evidence at

-----

[5]     Petitioner's list consisted of the following items: Thermometer, digital, $9.19; fiber opticoloscope/opthalmoscope set, $229.95; Beltone Audio Scout audiometer, $575 (with an "X" next to this item on the list); scale, $30; hemoglobin photometer, $600; hemoglobin curettes, $50; heavy duty tote-a-chart carrier, $14.95; Uso sticks, $26.57; two blood pressure kits, $150.59 each; cardiac stethoscope, $68.29; fan, $14; completely stocked first aid kit, $59.95; clinic supplies, $75. The list gives a total of $1,709.03, with an offset of $250 without explanation, for a net amount of $1,459.03.  The Court notes petitioner's figures do not add up correctly; see discussion of the substantive issue, infra.

trial to substantiate the charitable contributions that were disallowed by respondent.

Petitioner and Mr. Blankson filed joint income tax returns, prepared by a return preparer, for the years at issue. In January 1997, the Blanksons and respondent executed IRS Form 872, Consent to Extend the Time to Assess Tax, for 1993. In that consent, the period of limitations for 1993 was extended from April 15, 1997, to April 15, 1998.

The first issue is whether respondent is barred by the statute of limitations under section 6501(a) from pursuing the deficiency against petitioner for 1993. The Commissioner is generally required to assess taxes within 3 years after the due date of the return. Sec. 6501(a). However, the taxpayer and the Commissioner may extend the period of limitations by written agreement. Sec. 6501(c)(4).

Petitioner entered into a valid written agreement with respondent to extend the statutory period for the 1993 year to April 15, 1998. Respondent issued the statutory notice with regard to 1993 on June 19, 1997, well within the period agreed to by the parties. Sec. 6213(a). Petitioner thereafter filed for bankruptcy. Bankruptcy law prohibits debtors with Federal tax liabilities from petitioning this Court until the earlier of the closing of the case, the dismissal of the case, or the granting of a discharge. 11 U.S.C. sec. 362(a)(8), (c) (2000).

Petitioner petitioned this Court timely with respect to 1993 upon conclusion of her bankruptcy proceeding.  Sec. 6213(f).  Respondent acted within the prescribed limitations period and, therefore, is sustained on this issue.

The second issue is whether petitioner is entitled to various Schedule A and Schedule C deductions in excess of amounts allowed by respondent in the notices of deficiency.  Deductions are a matter of legislative grace.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Petitioner bears the burden of proof to present adequate documentation to support the deductions claimed on her returns.  Rule 142; Welch v. Helvering, 290 U.S. 111, 115 (1933).[6]  It is also petitioner's responsibility to maintain records sufficient to enable respondent to determine her correct tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; Higbee v. Commissioner, 116 T.C. 438 (2001).  The taxpayer must substantiate both the amount and purpose of the claimed deductions.  Higbee v. Commissioner, supra.

---

[6]    Sec. 7491, under certain circumstances, places the burden of production on the Commissioner with respect to a taxpayer's liability for taxes, penalties, and additions to tax in court proceedings arising in connection with examinations commencing after July 22, 1998.  In this case, petitioner does not contend, nor is there evidence, that the examination of her returns commenced after July 22, 1998, or that sec. 7491 is applicable.

Section 162 allows a deduction for ordinary and necessary expenses that are paid or incurred during the taxable year in carrying on a trade of business. Sec. 162(a); Deputy v. Dupont, 308 U.S. 488, 495 (1940). A trade or business includes the trade or business of being an employee. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).

As noted earlier, petitioner was engaged during the years at issue both as an employee and as a self-employed person. Some of the deductions claimed on her returns related to employee business expenses (Schedule A), and others related to her self-employment activity (Schedule C). Respondent reallocated some of the expenses between petitioner's two activities, a determination that petitioner does not challenge. Other expenses were disallowed for lack of substantiation, which petitioner does challenge. With respect to those expenses, the Court notes that petitioner did not maintain books and records to chronicle her income and expenses, nor did she maintain logs on the uses of her vehicles in her activities. She presented at trial receipts and copies of checks purportedly to substantiate expenses she incurred. However, those receipts do not establish to the Court's satisfaction a substantiation of expenses incurred in any amounts greater than the amounts allowed by respondent in the notices of deficiency, with one exception discussed below. Some of the evidence presented appeared to be for personal expenses,

which are not deductible under section 262.  As to the documentation that represented business expenses, petitioner failed to establish that the receipts that related to deductible expenses were not already allowed in the notices of deficiency by respondent.  Consequently, for the years 1993 and 1994, the Court sustains respondent on the disallowed Schedule A and Schedule C expenses.

Petitioner's critical care nursing activity for 1995 and 1996 needs to be considered separately for the following reason. The parties stipulated that petitioner earned "only W-2 wages" during 1995 and 1996, which implicitly suggests that petitioner did not earn any income in her self-employed critical care nursing activity during these 2 years.  In the notices of deficiency, respondent did not allow or concede any deductions for trade or business expenses for this activity for 1995 and 1996.  Nonetheless, in spite of the stipulation referred to, petitioner reported gross receipts of $4,684 and $8,173, respectively, for 1995 and 1996, on Schedule C of her returns for those years in connection with her critical care nursing activity.  In the notices of deficiency, these income amounts were not removed, and all of the claimed expenses were disallowed.  The Court concludes that the stipulation of the parties on this issue is in error, since petitioner did earn gross income during 1995 and 1996 from her critical care nursing

activity.[7]  Petitioner, therefore, is entitled to an allowance of
expenses for these 2 years relating to her self-employment
activity.  Pursuant to Cohan v. Commissioner, 39 F.2d 540, 543-
544 (2d Cir. 1930), the Court allows petitioner expense
deductions of $234 and $409, respectively, for 1995 and 1996 for
her critical care nursing activity in approximately the same
proportions allowed by respondent for 1993 and 1994.

The third issue is whether petitioner is entitled to
charitable contribution deductions in excess of amounts allowed
by respondent.  Section 170 allows a deduction for charitable
contributions during the taxable year, if verified as provided in
the regulations.  Sec. 170(a)(1).  The term "charitable
contribution" includes a contribution or gift to a corporation,
trust, or community chest, fund, or foundation, with certain
provisos.  Sec. 170(c).  For example, the recipient organization
must have been "created or organized in the United States or in
any possession thereof, or under the law of the United States,
any State, the District of Columbia, or any possession of the
United States."  Sec. 170(c)(2)(A).  It must be organized and
operated exclusively for religious, charitable, scientific,

---

[7]    The Court is not bound by stipulations of fact that
appear contrary to the facts disclosed by the record.  Estate of
Eddy v. Commissioner, 115 T.C. 135 (2000) (citing Rule 91(e));
Blohm v. Commissioner, 994 F.2d 1542, 1553 (11th Cir. 1993),
affg. T.C. Memo. 1991-636; Jasionowski v. Commissioner, 66 T.C.
312 (1976).

literary, educational, or other specifically enumerated purposes. Sec. 170(c)(2)(B). The contribution or gift is deductible only "if it is to be used within the United States or any of its possessions exclusively" for those purposes. Sec. 170(c)(2). Further, no part of the net earnings of a qualified organization may inure to the benefit of any private shareholder or individual. Sec. 170(c)(2)(C).

The charitable contributions deduction is subject to certain substantiation requirements. Sec. 170(f)(8). No deduction is allowed for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the qualified donee organization. Sec. 170(f)(8)(A). The standards for record keeping and return requirements for deductions for charitable contributions are set forth in section 1.170A-13, Income Tax Regs.

Petitioner did not establish at trial that she is entitled to charitable contribution deductions in excess of the amounts allowed by respondent. Donations she made to individuals do not qualify for the deduction due to the applicable restrictions on qualified donee organizations. Sec. 170(c). Respondent allowed those contributions that were properly substantiated, and the Court declines to allow any additional amounts. Respondent is sustained on this issue.

The fourth issue is whether petitioner is entitled to a trade or business loss deduction for 1996 for the medical equipment that was stolen from her rental vehicle. Section 165(a) allows as a deduction any loss sustained by a taxpayer during the taxable year that is not compensated for by insurance or otherwise. Theft losses to individuals are allowable as a deduction under section 165(c). Theft losses are treated as having been sustained during the taxable year in which the taxpayer discovers the loss. Sec. 165(e). In any taxable year, personal casualty losses are generally allowed only to the extent the losses from each casualty exceed $100 and exceed 10 percent of the adjusted gross income of the individual. Sec. 165(c)(3), (h)(2). However, section 165(h)(2) does not apply here because the Court is satisfied that the claimed loss arose in connection with petitioner's trade or business.

The proper measure of a casualty loss is the difference between the fair market value of the property before the casualty and its fair market value immediately after the casualty but not exceeding its adjusted basis. Helvering v. Owens, 305 U.S. 468, 471 (1939); Millsap v. Commissioner, 46 T.C. 751, 759 (1966); secs. 1.165-7(b)(1), 1.165-8(c), Income Tax Regs. Where the casualty loss is the result of theft, the fair market value of the property immediately after the theft is zero. Sec. 1.165-8(e), Income Tax Regs. The Court is satisfied from the record

that petitioner sustained a theft loss of medical equipment used by her in her critical care nursing activity during 1996.  She claimed a loss of $4,500 on her 1996 income tax return but presented no evidence to substantiate that amount.  At trial, she presented a list of the equipment totaling $1,709.03, which was not substantiated.  On this record, pursuant to Cohan v. Commissioner, supra, the Court allows petitioner a theft loss deduction of $750 for 1996.  Since the theft involved property used in petitioner's trade or business, the amount of the loss is not subject to the limitation provisions of section 165(h)(2). Sec. 165(c)(1).

The fifth issue is whether petitioner is entitled to a claimed dependency exemption deduction for her sister, Cecilia Ofori, for 1993 and 1994.  Ms. Ofori was reported as a dependent on petitioner's return using an incorrect Social Security number. A correct Social Security number was never provided.[8]

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term "dependent" means certain

---

[8]      Sec. 151(e), which was enacted on Aug. 20, 1996, as part of the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1615(a), 110 Stat. 1853, expressly denies a dependency exemption with respect to an individual unless the Social Security number for such individual is provided on the return claiming the exemption.  However, this section is applicable to all tax returns due after Sept. 18, 1996, and thus is not applicable to the years at issue.

individuals, including a brother or sister of the taxpayer, over half of whose support was received from the taxpayer during the taxable year. The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States. Sec. 152(b)(3).

The regulations under section 152 do not define the term "resident of the United States," but section 1.871-1, Income Tax Regs., and sections following contain provisions relating to the residence of alien individuals for "purposes of the income tax". Section 1.871-2(c), Income Tax Regs., specifies: "To determine the residence of aliens for taxable years beginning after December 31, 1984, see section 7701(b) and [sections] 301.7701(b)-1 through 301.7701(b)-9 of this chapter." Section 7701(b)(1)(A) defines the term "resident alien" as follows:

> An alien individual shall be treated as a resident of the United States with respect to any calendar year if (and only if) such individual meets the requirements of clause (i), (ii), or (iii):
>
> (i) Lawfully admitted for permanent residence.--Such individual is a lawful permanent resident of the United States at any time during such calendar year.

(ii) Substantial presence test.--Such individual meets the substantial presence test of paragraph (3).

(iii) First year election.--Such individual makes the election provided in paragraph (4).

Petitioner presented no evidence to establish (i) or (iii); therefore, the question is whether Ms. Ofori meets the substantial presence test under (ii).

Substantial presence is defined in section 7701(b)(3) and its accompanying regulation, section 301.7701(b)-1(c), Proced. & Admin. Regs. In general, an individual meets the substantial presence test if (i) such individual was present in the United States on at least 31 days during the calendar year, and (ii) the sum of the number of days on which such individual was present in the United States during the current year and the 2 preceding calendar years (when multiplied by the applicable multiplier) equals or exceeds 183 days. Sec. 7701(b)(3)(A). Section 7701(b)(3)(D) then provides: "An individual shall not be treated as being present in the United States on any day if--(i) such individual is an exempt individual for such day". An individual is an exempt individual for any day if, for such day, such individual is a student. Sec. 7701(b)(5)(A). The term "student" means any individual who is temporarily present in the United States either (I) under section 101(15)(F) or (M) of the Immigration and Nationality Act (1952), ch. 477, 66 Stat. 163; or (II) section 101(15)(J) or (Q) of the same act; and who

substantially complies with the requirements of being admitted. Sec. 7701(b)(5)(D); sec. 301.7701(b)-(4), Proced. & Admin. Regs.

Petitioner did not establish that her sister became a resident of the United States in 1993 or 1994 under the foregoing standards. No evidence or argument was presented on Ms. Ofori's status as a legal resident, how many days she was present in the United States during those years, or whether she was an exempt individual. Ms. Ofori attended vocational school but, on this record, whether she met the definition of "student" was not established. Further, the only evidence presented of petitioner's support costs with respect to Ms. Ofori was a record from a pharmacy. All that is known is that Ms. Ofori, a grown woman who was not a U.S. citizen, resided with petitioner while attending trade school and later returned to her home in Ghana. Ms. Ofori, by reason of her alienage, is legally presumed to be a nonresident for purposes of the income tax, and that presumption has not been rebutted. Sec. 1.871-4, Income Tax Regs. For the foregoing reasons, the Court holds that petitioner is not entitled to a dependency exemption deduction for her sister for 1993 and 1994.

The sixth issue is whether petitioner is entitled to a child care expense credit under section 21 for 1995 with respect to her daughter, Clara. Section 21(a) generally provides for a credit against the tax to any individual who maintains a household that

includes as a member one or more qualifying individuals.  The
term "qualifying individual," under section 21(b)(1), includes a
dependent of the taxpayer under age 13, with respect to whom the
taxpayer is entitled to a dependency deduction under section
151(c).  The allowable credit, under section 21(b)(2), is based
upon employment-related expenses that are incurred to enable the
taxpayer to be gainfully employed, including expenses incurred
for the care of a qualifying individual.  Respondent does not
dispute that petitioner's daughter was a "qualifying individual"
under section 21(b)(1), or that petitioner's payments to Kuddle
Korner, if actually paid, were employment related under section
21(b)(2).  Respondent contends, however, that petitioner failed
to substantiate payments made during 1995 for the care of Clara
while petitioner and her husband were working.

Petitioner claimed the expenses paid to Kuddle Korner and
provided identifying information with respect to that service
provider on her 1995 return pursuant to section 21(e)(9).
Petitioner did not substantiate these child care expenses with
written records but testified credibly about the expense.  See
sec. 1.44A-1(e), Income Tax Regs. (taxpayer must substantiate
credit by adequate records or other sufficient evidence).  The
Court is satisfied from the record that petitioner did incur
child care expenses with respect to a qualifying individual, her
daughter, Clara.  In the absence of adequate substantiation, this

Court may, if convinced by the evidence, estimate the amount of deductible expenses incurred. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). On this record, the Court holds that petitioner paid child care expenses of $1,000 for 1995. She is therefore entitled to a child care credit for 1995 based upon the applicable percentage allowable under section 21(a)(2).

The final issue is whether petitioner is liable for the accuracy-related penalties under section 6662(a) for the years at issue. Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). Disregard consists of any careless, reckless, or intentional disregard. Id.

The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Treasury regulations further provide that negligence includes any failure to exercise ordinary and reasonable care in the preparation of a tax return, failure to keep books and records, or failure to substantiate items properly. Sec. 1.6662-

3(b)(1), Income Tax Regs. A return position that has a "reasonable basis" as defined in the regulation is not attributable to negligence. Id.

An exception to the section 6662 penalty applies when the taxpayer demonstrates: (1) There was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c).[9] Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances on a case-by-case basis. See Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs. A taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, but the taxpayer must take reasonable steps to determine the law and to comply with it. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). The most important factor is the extent of the taxpayer's effort to assess the proper tax

---

[9] This section may provide relief even if a return position does not satisfy the reasonable basis standard. Sec. 1.6662-3(b)(3), Income Tax Regs.

liability.  Stubblefield v. Commissioner, supra; sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner took the position that she should be relieved of the section 6662(a) penalties due to reliance on her income tax return preparer.  In general, taxpayers are dutybound to file complete and accurate tax returns.  United States v. Boyle, 469 U.S. 241, 250-251 (1985).  They may not avoid this duty simply by relying on a return preparer.  Id.  Thus, blind reliance on a return preparer is not a defense to negligence, and taxpayers are required to review their return before signing it.  Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987).

Petitioner did not convince the Court that she acted with reasonable cause and in good faith. She presented no evidence of having taken reasonable steps to determine the law and to comply with it regarding the various issues of her case.  Her lack of substantiation on these issues supports the imposition of a penalty, and the bare argument of having relied on a return preparer is unpersuasive.  Petitioner is therefore liable for the section 6662(a) penalties for the years in question.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.