T.C. Memo. 2003-154

UNITED STATES TAX COURT

LOTTIE TYLER RICHARDSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6096-02L.                    Filed May 28, 2003.

Lottie Tyler Richardson, pro se.

<u>Jeffrey E. Gold</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment filed pursuant to Rule
121.[1]

---

[1]All section references are to the Internal Revenue Code in
effect for the years in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  Monetary amounts are
rounded to the nearest dollar.

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The facts material to the Court's disposition of the motion for summary judgment are stated solely for purposes of deciding the motion and are not findings of fact for this case. See Sundstrand Corp. v. Commissioner, supra at 520.

## Background

### Petitioner's 1995 and 1996 Income Tax Liabilities

On March 27, 1997, and June 5, 1997, petitioner filed her Federal income tax returns for 1995 and 1996, respectively. Due

to petitioner's failure to pay the income tax balances due, on July 7, 1997, respondent assessed the income tax shown on the returns and additions to tax for petitioner's 1995 and 1996 taxable years:

| Year | Income tax | Additions to tax--secs. | | |
| --- | --- | --- | --- | --- |
| | | 6651(a)(1) | [1]6651(a)(2) | 6654 |
| 1995 | $2,786 | $486 | $162 | $114 |
| 1996 | 2,936 | 198 | 33 | 113 |

[1]On Sept 29, 1997, this penalty was abated by $54 for 1995 and by $33 for 1996.

Additionally, on July 7, 1997, respondent mailed petitioner notices of balance due for 1995 and 1996.

On March 15, 1999, and again on July 24, 2000, respondent mailed petitioner notices of intent to levy.  On April 11, 2001, respondent filed a Notice of Federal Tax Lien for the 1995 and 1996 income tax liabilities and, on April 16, 2001, sent petitioner a Notice of Federal Tax Lien Filing as required by section 6320.  Petitioner mailed respondent a timely Form 12153, Request for a Collection Due Process Hearing, on May 9, 2001.  On the Form 12153, petitioner claimed that she had experienced "financial hardship" during the taxable years 1995 and 1996 and that there was a "discrepancy" in her income tax liabilities for those years.  Petitioner also noted that she had filed a chapter 7 bankruptcy petition that covered the taxable year 1993.

Petitioner's Bankruptcy Proceedings

On January 28, 1997, petitioner filed a chapter 13 bankruptcy petition.  The Bankruptcy Court dismissed her case on March 11, 1999, pursuant to petitioner's request for a conversion of her petition.  On July 27, 1999, petitioner filed a chapter 7 bankruptcy petition.  Schedule E of petitioner's chapter 7 petition listed income tax liabilities for the taxable years 1991 through 1996, totaling $15,876, as unsecured priority claims.  On November 1, 1999, the Bankruptcy Court granted petitioner a discharge under 11 U.S.C. sec. 727 (2000).

Petitioner's Hearing and the Notice of Determination

At the section 6320/6330 hearing on November 29, 2001, petitioner asserted that the chapter 7 bankruptcy discharge absolved her of the 1995 and 1996 income tax liabilities. Petitioner did not present evidence of the alleged "financial hardship" or of the "discrepancies" in the liability amounts. Petitioner did not raise any spousal defenses, collection alternatives, or other challenges to the collection action.

After reviewing petitioner's 1995 and 1996 account transcripts and documentation of her bankruptcy proceedings, the Appeals officer determined that the chapter 7 bankruptcy discharge had no effect on her 1995 and 1996 income tax liabilities.  The Appeals officer gave petitioner Forms 656, Offer in Compromise, and 433-A, Collection Information Statement

for Individuals, suggesting that petitioner submit an offer in compromise on or before December 29, 2001.  Petitioner failed to submit the forms before the December 29, 2001, deadline.

Respondent mailed petitioner a notice of determination concerning collection action(s) under section 6320 and/or section 6330 (notice of determination), dated February 19, 2002, determining that the filing of the tax lien was an appropriate enforcement action.

Petitioner's Petition

Petitioner filed a timely petition contesting respondent's notice of determination on March 15, 2002.[2]  Although respondent's notice of determination dealt solely with petitioner's income tax liabilities for the taxable years 1995 and 1996, petitioner disputed her income tax liabilities for 1993 through 1996 in her petition.  On May 8, 2002, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike As to Taxable Years 1993 and 1994.  This Court granted respondent's motion by order dated June 12, 2002, dismissing the case as to the taxable years 1993 and 1994 and striking references to those years from the petition.

After the 1993 and 1994 references were stricken, petitioner's two remaining allegations are that she paid "over

[2]At the time she filed the petition, petitioner resided in Clinton, Md.

$4,000" to the IRS in connection with the chapter 13 bankruptcy proceeding and that the chapter 7 bankruptcy discharge absolved her of her 1995 and 1996 income tax liabilities.

Respondent's Answer and Motion for Summary Judgment

In his answer, filed June 24, 2002, respondent denied all of petitioner's allegations and alleged further that no payments from petitioner's chapter 13 bankruptcy proceeding were applied to petitioner's 1995 and 1996 income tax liabilities.

On September 3, 2002, respondent filed a motion for summary judgment. In his motion, respondent asserts that there is no genuine issue as to any material fact and that respondent is entitled to a decision as a matter of law. Respondent maintains that petitioner failed to make assignments of error regarding the $4,000 payment from petitioner's chapter 13 bankruptcy proceeding, that petitioner's chapter 7 bankruptcy discharge did not cover petitioner's 1995 and 1996 income tax liabilities, and that the Appeals officer's determination was not an abuse of discretion.

On October 16, 2002, petitioner filed an objection to respondent's motion for summary judgment, stating that petitioner disagreed with "the amount owed to the IRS." The Court held a hearing on the motion for summary judgment at the Court's motion

session in Washington, D.C., on November 6, 2002. Petitioner and respondent both appeared at the hearing and presented their positions with respect to the tax lien filed against petitioner.

## Discussion

All property and rights to property of a taxpayer become subject to a lien in favor of the United States on the date a tax liability is assessed against the taxpayer, if the taxpayer fails to meet the Commissioner's demand for payment of her tax liability. Secs. 6321 and 6322. Until a Notice of Federal Tax Lien is filed, a lien is without validity and priority against certain persons such as judgment lien creditors of the taxpayer. Sec. 6323(a). After the Secretary files the Notice of Federal Tax Lien, the Secretary must provide the taxpayer with written notice of the filing, informing the taxpayer of her right to request an administrative hearing on the matter. Sec. 6320(a)(1), (3)(B). Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d), and (e). Following the hearing, the hearing officer is required to issue a notice of determination regarding the disputed Notice of Federal Tax Lien. If the taxpayer disagrees with the hearing officer's determination, the taxpayer has the right to seek judicial review of the Appeals officer's determination by appealing to this Court or, if this Court lacks jurisdiction over the underlying tax liability, to the proper

Federal District Court.  Sec. 6330(d).

The sole argument on which petitioner continues to rely is that her 1995 and 1996 income tax liabilities were discharged in bankruptcy.[3]  Specifically, petitioner claims that the chapter 7 bankruptcy discharge relieved her of the 1995 and 1996 income tax liabilities.  Respondent contends that petitioner's 1995 and 1996 income tax liabilities are excepted from discharge by provisions of the Bankruptcy Code.  For the reasons discussed below, we conclude that respondent's determination upholding the Federal tax lien filing must be sustained.

Jurisdiction To Decide Dischargeability Issue

We have often held in deficiency proceedings under section 6213 that we lack jurisdiction to decide whether a tax liability has been discharged in bankruptcy.  See, e.g., Nielson v. Commissioner, 94 T.C. 1, 8-9 (1990); Graham v. Commissioner, 75 T.C. 389 (1980).  However, this case is a lien proceeding that arose under sections 6320 and 6330.  Recently, we held in Washington v. Commissioner, 120 T.C. 114, 121 (2003), that in such lien proceedings we have jurisdiction to decide whether

---

[3]The issue of petitioner's $4,000 payment in connection with the chapter 13 bankruptcy proceeding is not related to her 1995 and 1996 income tax liabilities and, therefore, is not properly before the Court.

In addition, petitioner testified at the Nov. 6, 2002, hearing that respondent had given her transcripts of her accounts for each of the years 1993-96, and she conceded that the transcripts showed the $4,000 payment was applied to her tax liabilities for other years.

unpaid income tax liabilities have been discharged in bankruptcy.[4]

Petitioner's 1996 Income Tax Liability

Section 523 of the Bankruptcy Code provides some exceptions to the discharge of debts in bankruptcy. See 11 U.S.C. sec. 523 (2000). Subsection (a)(1)(A) excepts from discharge taxes within the "three-year lookback period" (the lookback period) described in section 507(a)(8) of the Bankruptcy Code. The lookback period includes taxes "on or measured by income or gross receipts--for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition". 11 U.S.C. sec. 507(a)(8)(A)(i) (2000). As stated in Young v. United States, 535 U.S. 43, 46 (2002): "If the IRS has a claim for taxes for which the return was due within three years before the bankruptcy petition was filed, the claim * * * is nondischargeable in bankruptcy".

Petitioner's income tax return for the taxable year 1996 was due on April 15, 1997. Petitioner filed her chapter 7 bankruptcy

---

[4]Sec. 6330(c)(2) provides that a taxpayer may raise at the sec. 6330 hearing "any relevant issue relating to the unpaid tax", which includes "challenges to the appropriateness of collection actions". Sec. 6330(c)(2)(A)(ii). Petitioner's contention that her 1995 and 1996 income tax liabilities were discharged in bankruptcy raises an issue relevant to the appropriateness of the collection action. Washington v. Commissioner, 120 T.C. 114, 120 n.9 (2003).

petition on July 27, 1999, within 3 years of the date on which her 1996 income tax return was due. As a result, petitioner's chapter 7 bankruptcy discharge did not absolve her of her 1996 income tax liability.

Petitioner's 1995 Income Tax Liability

With respect to petitioner's 1995 income tax liability, respondent acknowledges that petitioner's 1995 income tax return was due on April 15, 1996, more than 3 years before the chapter 7 filing on July 27, 1999. Respondent asserts, however, that petitioner's 1995 income tax liability was not discharged because of principles of equitable tolling, citing as support for his assertion the recent decision of the U.S. Supreme Court in Young v. United States, supra.

In Young v. United States, supra at 44-45, the taxpayers' 1992 income tax return was due on October 15, 1993. The taxpayers filed a chapter 13 bankruptcy petition on May 1, 1996, followed by a chapter 7 bankruptcy petition on March 12, 1997. Id. The Bankruptcy Court dismissed the taxpayers' chapter 13 petition on March 13, 1997, pursuant to the taxpayers' motion, and granted a chapter 7 discharge on June 17, 1997. Id. Thereafter, the taxpayers refused to make payments on their 1992 income tax liability, claiming that the liability was a debt outside of the lookback period and, therefore, was discharged. Id.

The Supreme Court held that the 1992 income tax liability was not discharged because the taxpayers' chapter 13 bankruptcy petition of May 1, 1996, tolled the lookback period. Id. at 54. The Court explained that limitations periods, such as the lookback period under 11 U.S.C. sec. 507(a)(8), traditionally are subject to principles of equitable tolling and that neither section 523 nor section 507 of the Bankruptcy Code contains language indicating that Congress intended to preclude equitable tolling. Id. at 48-53. When the taxpayers filed the chapter 13 petition, the automatic stay of Bankruptcy Code section 362(a) prevented collection of their 1992 income tax liability. Id. at 46. Without the application of equitable tolling, a voluntary dismissal of the chapter 13 petition after the lookback period has expired, followed by the filing of a chapter 7 petition, could be used by taxpayers as a strategy to discharge their income tax liability. Id.

Applying equitable tolling to the present case, we must conclude that petitioner's chapter 7 bankruptcy discharge did not relieve her of the 1995 income tax liability. When petitioner filed the chapter 13 bankruptcy petition on January 28, 1997, the lookback period was tolled until the dismissal of the chapter 13 petition on March 11, 1999. As of petitioner's chapter 7 filing on July 27, 1999, the lookback period of section 507(a)(8)(A)(i) of the Bankruptcy Code remained open so as to prevent discharge

of the 1995 income tax liability.

We uphold the Appeals officer's determination that the filing of a tax lien was an appropriate enforcement action with respect to petitioner's 1995 and 1996 income tax liabilities.  We shall grant respondent's motion for summary judgment and sustain the notice of determination dated February 19, 2002.

For the reasons stated and to reflect the foregoing,

<u>An appropriate order and
decision will be entered</u>.