T.C. Memo. 2010-54

UNITED STATES TAX COURT

DAVID J. AND LETITIA B. CRAWFORD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10413-08.                    Filed March 22, 2010.

David J. and Letitia B. Crawford, pro sese.

<u>Wesley J. Wong</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined a $2,230 deficiency in
petitioners' 2006 Federal income tax.  The deficiency is
attributable to respondent's disallowance of David J. Crawford's
(petitioner's) deductions for losses and some expenses from
gambling.  The parties submitted this case with the facts fully

stipulated under Rule 122.[1]  The two issues presented for our consideration are whether petitioner, a professional gambler, may deduct net losses from his gambling activity against other income and whether petitioner has shown entitlement to a $2,400 deduction for "promotional activities".

### Background

Petitioner and his wife, Letitia B. Crawford (Mrs. Crawford), resided in Nevada at the time their petition was filed.[2]  For 2006 petitioners filed a joint Form 1040, U.S. Individual Income Tax Return.  Mrs. Crawford reported $41,742 in wage income, and petitioners reported $42 in interest income. Attached to the 2006 income tax return was petitioner's Schedule C, Profit or Loss From Business, on which he described his profession as "PROFESSIONAL GAMBLER".  Petitioner reported $61,090 in gross income from gambling winnings and the following costs and expenses:

---

[1]Rule references are to this Court's Rules of Practice and Procedure, and section references are to the Internal Revenue Code (Code) in effect for the year in issue.  No question was raised concerning the shifting of the burden of proof under sec. 7491(a).

[2]When their petition was filed, petitioners elected the small tax case procedure under sec. 7463.  The Court granted petitioners' unopposed motion to remove the small tax case designation.

| Cost/Expense | Amount |
|---|---|
| Legal and professional services | $360 |
| Deductible meals and entertainment | 2,182 |
| Cost of plays at various casinos | 37,231 |
| Promotional activities | 2,400 |
| Live action poker playing at various casinos | 46,869 |
| Total | 89,042 |

Accordingly, petitioner had a net loss from his gambling activity of $27,952. Petitioners sought to apply the net gambling loss to reduce their other income. That reduction, along with other deductions and personal exemptions would have reduced petitioners' tax liability to zero. Respondent disallowed $25,410 of the net gambling loss in determining an income tax deficiency, and petitioners petitioned this Court. The $2,542 difference between the $25,410 disallowed and the $27,952 loss claimed is due to respondent's allowance of petitioner's $360 legal and professional services expense and the $2,182 meals and entertainment expense. Respondent disallowed the $2,400 petitioner claimed as a promotional activities expense.

## Discussion

The legal controversy we consider focuses on the interplay between section 162(a) (which allows deductions for ordinary and necessary business expenses) and section 165(d) (which limits wagering losses to the amount of wagering income). Section 162(a) generally allows a deduction for ordinary and necessary expenses sustained in carrying on a trade or business. Subsection (d) of section 165 specifically addresses wagering

losses, as follows: "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Petitioner argues that the limitation of section 165(d) does not apply where a taxpayer is a professional gambler; i.e., in the business of wagering. Respondent argues that the limitation of section 165(d) applies irrespective of whether the wagering income and losses are in a business or nonbusiness setting.

Petitioner relies on Commissioner v. Groetzinger, 480 U.S. 23 (1987), in support of his position. In that case the Supreme Court considered a substantially similar factual pattern. However, the question was whether the taxpayer's gambling loss deduction was an item of tax preference and caused a minimum tax liability under section 56(a). For purposes of section 56(a) minimum tax preferences, the Supreme Court held that the taxpayer (a full-time gambler) was in a "trade or business" and that his loss deduction was not an item of tax preference and therefore not subject to alternative minimum tax.[3]

In a footnote to its Groetzinger opinion the Supreme Court expressed the caution that it was interpreting the phrase "trade or business" solely with respect to the Code sections being considered. Id. at 27 n.8. Respondent does not question whether petitioner is in the business of wagering. Respondent contends

_____

[3]In 1982 Congress amended the minimum tax provisions to make it clear that "gambling" loss deductions were excluded from the alternative minimum tax base.

that section 165(d) applies irrespective of whether petitioner was in the business of wagering.

Petitioner is not the first taxpayer to seek to use the Groetzinger holding in support of offsetting gambling losses against other income. See, e.g., Lyle v. Commissioner, T.C. Memo. 1999-184, affd. without published opinion 218 F.3d 744 (5th Cir. 2000). In each such instance the result has been the same-- the explicit language of section 165(d) trumps the general language of section 162(a) and limits wagering losses to the amount of wagering gains. See, e.g., Valenti v. Commissioner, T.C. Memo. 1994-483.

Petitioner presented no argument that would cause this Court to reconsider its prior holdings. We accordingly hold that petitioner is not entitled to deduct his gambling losses that exceed the amount of his gambling gains.

We now turn to the $2,400 deduction that petitioner claimed for "promotional activities" and that respondent disallowed in the notice of deficiency. Respondent contends that petitioner is not entitled to that deduction for failure to show that the expenses were ordinary and necessary and/or that they were actually incurred.

This case was submitted fully stipulated. No facts were stipulated that would show that these expenses were incurred or that they were ordinary and necessary business expenses.

Accordingly, petitioner has failed to show entitlement to the $2,400 deduction irrespective of the section 165(d) limitation. See Rule 142(a); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440 (2001).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.