**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-110


UNITED STATES TAX COURT


AVA MAUREEN SAWYER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1165-07S.                    Filed December 23, 2014.


Ava Maureen Sawyer, pro se.

<u>Adam P. Sweet</u>, for respondent.


SUMMARY OPINION


COLVIN, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2001 of $1,833 and additions to tax of $372 for failure to timely file under section 6651(a)(1) and $397 for failure to timely pay under section 6651(a)(2). After concessions, the issues for decision are:

1. Whether we have jurisdiction to decide whether petitioner's income tax liability for 2001 was discharged in her bankruptcy proceeding. We hold that we do not.

2. Whether we have jurisdiction to decide whether petitioner may claim an $867 overpayment credit from the year 2000. We hold that we do not.

3. Whether petitioner is liable for an addition to tax for failure to timely file under section 6651(a)(1) and an addition to tax for failure to timely pay under section 6651(a)(2). We hold that she is.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in Virginia when the petition was filed.

A.    Events Related to 2000 and 2001

Petitioner withdrew money from her individual retirement accounts (IRAs) in 2000.  During 2001 she made three withdrawals totaling $11,786 from her IRAs.  She did not reach age 55 in 2000 or 2001.  Petitioner was not employed in 2000 or 2001.

Petitioner wrote a check for $1,308 dated April 16, 2001, to the Internal Revenue Service (IRS).  The record does not disclose any specific statement of petitioner's intent regarding this remittance.  When petitioner made this remittance, she knew withdrawals from her IRAs in 2000 and 2001 would result in early withdrawal penalties.  Other than her IRA withdrawals she had almost no other income for tax year 2000 or 2001.  Respondent applied the April 16, 2001, remittance to her 2000 tax year.

Petitioner submitted a $180 payment with her request for an extension of time to file her 2001 tax return.  She did not timely file a tax return for 2000 or 2001.

B.    Respondent's Proposed Assessment and Notice of Deficiency for 2001

On March 20, 2006, respondent sent petitioner a proposed income tax assessment for taxable year 2001.  Because petitioner had not filed a tax return for

2001, respondent prepared a substitute for return using information from third-party reports.  See sec. 6020(b).

Respondent sent a notice of deficiency to petitioner for tax year 2001 on October 16, 2006, determining that during 2001 petitioner had received a total distribution of $11,786 from her IRAs and $25 of interest income.[2]  Respondent determined that petitioner was entitled to a personal exemption and a standard deduction and that she was liable for a 10% penalty on account of her  early IRA withdrawals.  Finally, respondent determined that petitioner was liable for additions to tax for failure to timely file under section 6651(a)(1) and failure to timely pay under section 6651(a)(2).  On January 16, 2007, petitioner timely filed a petition with the Court.

C.    Bankruptcy Proceedings

On October 17, 2007, petitioner filed for bankruptcy under chapter 13 with the U.S. Bankruptcy Court for the Eastern District of Virginia.  On November 1, 2012, petitioner received a discharge (not further described in the record) under chapter 13 of the U.S. Bankruptcy Code.

---

[2]Petitioner does not challenge respondent's determination that she received $11,786 of taxable IRA distributions subject to an early withdrawal penalty and $25 of taxable interest income.  We deem petitioner to have conceded these issues.

D.    Petitioner's Tax Returns for 2000 and 2001

At the request of a U.S. attorney representing the IRS as a creditor, on April 11, 2007, petitioner submitted her 2000 and 2001 tax returns to him.  Petitioner's 2000 tax return was filed with the Commissioner on June 11, 2007.  On that return petitioner reported taxable IRA distributions, no other taxable income, and a tax liability of $441 from early IRA distributions.  Also on that return she reported that $441 of the $1,308 payment she had made on April 16, 2001, reduced to zero the amount of her unpaid tax for 2000, and she applied the remaining $867 to 2001.

Respondent received petitioner's 2001 tax return in 2007 before filing the answer on December 4, 2007.  On that return petitioner reported $11,036 of taxable IRA distributions, $923 of tax as a result of early distributions from an IRA, $867 of overpayment from 2000 applied to 2001, and $180 paid with a request for an extension of time to file.[3]

---

[3]Petitioner's tax return also reflects $31 of taxable interest income and $181 of capital gain.  Respondent does not challenge these amounts.

## Discussion

### A.    Burden of Proof

The taxpayer generally bears the burden of proving that the Commissioner's deficiency determination is in error.  Rule 142(a)(1).  The burden of proving a factual issue relating to tax liability shifts to the Commissioner under certain circumstances.  Sec. 7491(a).  Petitioner has not shown and does not contend that section 7491 applies.  Thus, petitioner bears the burden of proving that respondent's determinations in the notice of deficiency are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### B.    Effect of Bankruptcy

Petitioner contends that her 2001 tax liability was discharged by the bankruptcy court.  She claims that as a result of that discharge respondent is barred from pursuing a deficiency against her.  We have said that this Court lacks jurisdiction to decide whether a tax debt may be or has been discharged:

> In exercising our jurisdiction to redetermine deficiencies, we are without jurisdiction to "allow or disallow a claim against a debtor's estate * * * or to discharge taxes as a bankruptcy court might."  Fotochrome, Inc. v. Commissioner, 57 T.C. 842, 847 (1972).  In Graham [v. Commissioner, 75 T.C. 389 (1980)], when confronted with the identical argument, we held that we lacked "the requisite subject matter jurisdiction to decide whether the petitioner's deficiencies * * * were discharged in the bankruptcy proceeding."  75 T.C. at 399.  Accordingly, we are without subject matter jurisdiction

and petitioners, if they wish a ruling on their dischargeability position, would be required to seek the jurisdiction of the bankruptcy court. [Neilson v. Commissioner, 94 T.C. 1, 9 (1990).]

Thus, we hold that we lack jurisdiction to decide whether the bankruptcy court discharged petitioner's tax liability for 2001.

C. Availability of Credit for Petitioner's Remittance on April 16, 2001

Petitioner claims a credit for $867 as a result of the remittance she made on April 16, 2001. Respondent asserts that petitioner is not entitled to that credit because respondent properly applied the $1,308 remittance to her 2000 tax year and any overpayment for 2000 is time barred under section 6511.

Respondent applied petitioner's $1,308 remittance toward her 2000 tax liability. There is no evidence that when petitioner made the remittance she intended it to apply to 2001 or that she intended to make a tax deposit. See Risman v. Commissioner, 100 T.C. 191, 197 (1993) (stating that "[a] taxpayer's intent to have a remittance treated as a payment or as a mere deposit is generally to be established by all of the relevant facts and circumstances");[4] Deaton v. Commissioner, T.C. Memo. 2005-1, aff'd, 440 F.3d 223 (5th Cir. 2006). Thus, to

---

[4]We note that several appellate courts have expressed disagreement with other aspects of the Court's reasoning in Risman v. Commissioner, 100 T.C. 191 (1993), i.e., with respect to where a remittance is made in conjunction with a request for an extension.

the extent the 2000 remittance exceeds petitioner's 2000 tax liability, it was an overpayment of tax for 2000.

Our jurisdiction to decide a taxpayer's tax liability "extends to the entire subject matter of the correct tax for the taxable year". Naftel v. Commissioner, 85 T .C. 527, 533 (1985). In deciding a taxpayer's tax liability for a year over which we have jurisdiction, section 6214(b) provides that we lack "jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid".

Section 6214(b) provides our authority for "computing, as distinguished from 'determining,' the correct tax liability for a year not in issue when such a computation is necessary to a determination of the correct tax liability for a year that has been placed in issue." Lone Manor Farms, Inc. v. Commissioner, 61 T.C. 436, 440 (1974), aff'd without published opinion, 510 F.2d 970 (3d Cir. 1975).

Petitioner contends that the overpayment from her 2000 tax year (over which we lack jurisdiction in this case) is creditable to 2001. We disagree. Section 6214(b) provides that we may not redetermine an overpayment for a year over which we lack jurisdiction; similarly, we lack jurisdiction to credit any such overpayment to 2001. Solberg v. Commissioner, T.C. Memo. 2011-221; Porter v. Commissioner, T.C. Memo. 2010-54.

D. <u>Additions to Tax</u>

Section 7491(c) places on the Commissioner the burden of producing evidence of liability for additions to tax. To meet that burden, the Commissioner must produce evidence showing that it is appropriate to impose the particular addition to tax, but the Commissioner need not produce evidence relating to defenses such as reasonable cause or substantial authority. <u>Higbee v. Commissioner</u>, 116 T.C. at 446; H.R. Conf. Rept. No. 105-599, at 241 (1998), 1998-3 C.B. 747, 995. Once the Commissioner meets the burden of production, the taxpayer must, in order to avoid liability for additions to tax, produce evidence that the Commissioner's determination is incorrect; e.g., that the failure was due to reasonable cause and not willful neglect. <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Higbee v. Commissioner</u>, 116 T.C. at 446; H.R. Conf. Rept. No. 105-599, <u>supra</u> at 241, 1998-3 C.B. at 995. Reasonable cause exists if the taxpayer exercised ordinary business care and prudence but nevertheless could not file the return or pay the tax when due. <u>Boyle</u>, 469 U.S. at 246; <u>Bank of the West v. Commissioner</u>, 93 T.C. 462, 471 (1989).

1. Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file timely a required tax return. Respondent has met the burden of production with respect to this addition to tax because petitioner was required to file but did not timely file a return for 2001.[5] To prevail, petitioner must show that the untimely filing was due to reasonable cause and not willful neglect. Petitioner claims that she did not timely file her 2001 return because in 2001 and 2002 she was consumed with a protracted, personal legal dispute. We acknowledge that petitioner was involved in a protracted personal legal dispute, but we do not believe it justified late filing of her 2001 return. We sustain the section 6651(a)(1) addition to tax for 2001.

2. Failure To Pay

Section 6651(a)(2) provides for an addition to tax where there is a failure to timely pay the amount of tax shown on a return. A return properly prepared by the Secretary under section 6020(b) is treated as the return filed by the taxpayer for purposes of determining an addition to tax under section 6651(a)(2). Sec. 6651(g)(2). The 2001 substitute for return meets the requirements of section 6020(b). Petitioner made an estimated tax payment of $180 for the 2001 tax year.

---

[5]The record establishes that petitioner's income exceeded the income threshold for nonfilers for 2001. See sec. 6012(a)(1).

We held above that the Court lacks jurisdiction to decide whether petitioner may apply an $867 overpayment credit to her 2001 tax year.  There is no evidence that petitioner made any other payments applicable to her 2001 tax year.  The record establishes that she has not fully paid her tax liability for 2001.  Consequently, respondent has met the burden of production with respect to the section 6651(a)(2) addition to tax.

Petitioner contends that she is not liable for the addition to tax for failure to timely pay for 2001 because she believed she had fully paid that tax liability.  We disagree.  As stated above, there is no evidence that petitioner intended the April 16, 2001, remittance to apply to her income tax liability for 2001.  We find petitioner has failed to show she had reasonable cause for failing to timely pay her 2001 tax liability, and we sustain the section 6651(a)(2) addition to tax for 2001.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.